**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 25-cv-03123-KAS

UNITED CASUALTY & SURETY INSURANCE COMPANY,

Plaintiff,

v.

RAVENWOOD ENERGY PARTNERS, LP,
DENNIS MCLAUGHLIN,
ANGELA MCLAUGHLIN,
CHRISTOPHER CHAMBERS, and
RHONDA CHAMBERS,

Defendants.

---

**PLAINTIFF UNITED CASUALTY & SURETY INSURANCE COMPANY'S RESPONSE TO DEFENDANTS CHRISTOPHER CHAMBERS AND RHONDA CHAMBERS' "AMENDED ANSWER" [ECF 14]**

---

Plaintiff, United Casualty & Surety Insurance Company ("UCS"), through its undersigned counsel, The Hustead Law Firm, *A Professional Corporation*, hereby submits its Response (the "Response") to Defendants Christopher Chambers' and Rhonda Chambers' (the "Chambers") Amended Answer for Defendants Christopher and Rhonda Chambers [ECF 14] (the "Amended Answer"), and in support thereof, states as follows:

## I. <u>INTRODUCTION</u>

On October 30, 2025, the Chambers filed their Challenge to Jurisdiction and Notice of Bankruptcy [ECF 10] (the "Challenge") asserting that: 1) Omimex Petroluem, Inc. ("Omimex"), a non-party to this action, filed a Voluntary Petition for Bankruptcy under Title 11 in the Northern

District of Texas Bankruptcy Court; 2) that the Bankruptcy Court's automatic stay of collection efforts against Omimex pursuant to 11 USC § 362 applies to also stay this action against the Chambers; and 3) that Omimex is a necessary party under F.R.C.P. 9; and 4) because this action allegedly affects the property of Omimex's estate in the Bankruptcy, the Court lacks jurisdiction over this action. [ECF 10, p. 2-6].

On November 20, 2025, UCS filed its Response to the Challenge [ECF 13] demonstrating that: 1) the Bankruptcy Court's stay does not apply to the Chambers; 2) Omimex is not a necessary party; and 3) that this Court has jurisdiction. [ECF 13]. As of the filing of this Response, the Chambers have not yet filed a reply to UCS's Response to the Challenge. Likewise, the Court has not yet ruled on the Chambers' Challenge.

In another attempt to avoid their express obligations under the General Indemnity Agreement, the Chambers filed the "Amended Answer," which is essentially a motion to dismiss for lack of jurisdiction. [ECF 14]. Presumably, the odd titling of the "Amended Answer" is due to the Chambers appearing *pro se* in this matter.

At any rate, the Chambers mistakenly assert that this Court "lacks jurisdiction over this matter, since there is insufficient information from the pleadings whether there is complete diversity of citizenship." *See* [ECF 14 at 2]. The Chambers, however, do not assert that any Defendant is a citizen of Massachusetts or Nebraska, the states of which UCS is a citizen. *See* [ECF 1]; [ECF 5]

As discussed in more detail below, there is complete diversity among the parties. Thus, this Court has jurisdiction over this matter. Accordingly, UCS respectfully requests that this Court enter an Order holding: 1) that complete diversity exists among the parties; and 2) ordering the Chambers to file a real Answer to the Complaint [ECF 1] within 14 days.

## II. ARGUMENT

### A. There is Complete Diversity Among the Parties.

The Chambers concede that UCS is completely diverse from the Chambers, Defendant Dennis McLaughlin, and Defendant Angela McLaughlin. [ECF 14]. The only diversity issue raised in their Amended Answer relates to Defendant Ravenwood Energy Partners LP. *Id.* As established below, UCS is a citizen of a different state than Ravenwood Energy Partners LP and all of the other Defendants. Accordingly, there is complete diversity, and the Court has jurisdiction over this matter.

Diversity jurisdiction requires complete diversity, meaning no plaintiff may be a citizen of the same state as any defendant. *See, e.g., Grynberg v. Kinder Morgan Energy Partners, L.P.,* 805 F.3d 901, 905 (10th Cir. 2015). For diversity purposes, a limited partnership is a citizen of all of its partners. *See Richardson v. Edward D. Jones & Co.,* 744 F. Supp. 1023, 1024 (D. Colo. 1990) (*citing Carden et al. v. Arkoma Associates,* 484 U.S. 185, 195-196 (1990)).

Based upon publicly available information, Defendant Ravenwood Energy Partners LP is a Colorado limited partnership with its principal place of business in Oklahoma. According to Ravenwood Energy Partners, LP's Certificate of Limited Partnership, there are two partners in the partnership, one of whom is a limited partner. *See* Certificate of Limited Partnership for Ravenwood Energy Partners, LP attached hereto as **Exhibit 1**.

According to his LinkedIn profile, Defendants Christopher Chambers is a Partner with Ravenwood Energy Partner LP. *See* LinkedIn profile for Mr. Chambers attached hereto as **Exhibit 2**. Mr. Chambers is a citizen of Oklahoma. *See* Affidavit of Service of Christopher Chambers attached hereto as **Exhibit 3;** *see also ADA Carbon Solutions (Red River), LLC v. Atlas Carbon,*

LLC, 146 F. 4th 1296, 1303 (10th Cir. 2025) ("When assessing the citizenship of a person, we look to the individual's domicile.").

According to his LinkedIn profile, Defendant Dennis McLaughlin is the Managing Partner of Ravenwood Energy Partners LP. *See* LinkedIn profile for Mr. McLaughlin attached hereto as **Exhibit 4**. Mr. McLaughlin is a citizen of Oklahoma. *See* Affidavit of Service of Dennis McLaughlin attached hereto as **Exhibit 5**; *see also Atlas Carbon,* LLC, 146 F. 4th at 1303.

According to Ravenwood Energy Partners LP's Certificate of Limited Partnership, Ravenwood Advisors LLC is a general partner of Ravenwood Energy Partners LP. *See* **Ex. 1** at 2. A limited liability company is deemed to be a citizen of all states of which its members are citizens. *See Siloam Springs Hotel, LLC v. Century Sur. Co.,* 781 F.3d 1233, 1234 (10th Cir. 2015). According to its Certificate of Formation, Ravenwood Advisors LLC is a Texas limited liability company with its principal place of business in Oklahoma. *See* Certificate of Formation for Ravenwood Advisors LLC attached hereto as **Exhibit 6**.

According to its Certificate of Formation, Ravenwood Advisors LLC was formerly managed by its only member, Ravenwood Holdings LLC. *See* **Ex. 6**. Ravenwood Holdings LLC is a Texas limited liability company with its principal place of business in Texas. *See* Franchise Tax Account Status for Ravenwood Holdings LLC attached hereto as **Exhibit 7**.

On September 5, 2013, Mr. Chambers filed a Certificate of Amendment on behalf of Ravenwood Advisors LLC which identified Ravenwood Advisors LLC's new manager, Ravenwood Enterprises LLC. *See* Certificate of Amendment attached hereto as **Exhibit 8**. Ravenwood Enterprises LLC is a Texas limited liability company with its principal place of business in Texas. *See* Texas Secretary of State Business Organizations Inquiry for Ravenwood Enterprises LLC attached hereto as **Exhibit 9**.

Ravenwood Enterprises LLC was terminated on March 1, 2017. *See* Certificate of Termination of Domestic Entity attached hereto as **Exhibit 10**. Defendant Dennis McLaughin is the only governing member of Ravenwood Enterprises LLC. *See* **Ex. 10**. As previously discussed, Mr. McLaughlin is a citizen of Oklahoma. *See* **Ex. 5**.

As demonstrated above, none of the partners of Ravenwood Energy Partners LP (Mr. Chambers, Mr. McLaughlin, and Ravenwood Advisors LLC) are citizens of Massachusetts or Nebraska, the states of UCS's citizenship. *See* **Exs. 3, 5, 6**. Ravenwood Advisors LLC's only former managing member, Ravenwood Holdings LLC, is not a citizen of Massachusetts or Nebraska. *See* **Ex. 7**. Ravenwood Advisors LLC's new managing member, Ravenwood Enterprises LLC, is not a citizen of Massachusetts or Nebraska. *See* **Ex. 9**. Finally, Ravenwood Enterprises LLC's only member, Defendant Dennis McLaughlin, is not a citizen of Massachusetts or Nebraska. *See* **Ex. 5**.

As such, UCS submits that it has provided a good faith basis for establishing that UCS is a citizen of different states than all of the Defendants. *See Lincoln Ben. Life Co. v. AEI Life, LLC,* 800 F.3d 99, 106-108 (3rd Cir. 2015) (holding that Rule 8 requires only a "short and plain statement of grounds for the court's jurisdiction," but does not otherwise specify the level of detail required; *Carolina Cas. Ins. Co. v. Team Equip., Inc.,* 741 F.3d 1082, 1087 (9th Cir. 2014). Consistent with *Lincoln,* UCS should be permitted to allege in good faith that UCS is not a citizen of any Defendants' state of citizenship based on a reasonably inquiry into court filings and publicly available information. *Id.* at 107-108. The Chambers, who undoubtedly know the citizenship status of Ravenwood Energy Partners LP and any of its partners, as well as Ravenwood Advisors LLC and any of its members, have notably failed to provide any evidence that Ravenwood Energy Partners LP's partners share citizenship with UCS. *Id; see also* [ECF 14].

As the *Lincoln* court explained, depriving a party of a federal forum on the grounds that it cannot identify all members of an LLC, prior to any jurisdictional discovery, would unfairly prejudice UCS. It would likewise improperly shield many, if not all, LPs like Ravenwood Energy Partners LP from being sued in federal court simply by hiding the identity of its partners, which the Defendants all appear to be doing here. *Id.* at 109. "This is surely not what the drafters of the Federal Rules intended." *Id.*

Alternatively, if the Court finds that UCS has not adequately established that complete diversity exists among the parties, UCS seeks leave to conduct limited jurisdictional discovery. As explained in *Lincoln,* as long as the discovery is limited in scope as to the issue of citizenship, neither party will be prejudiced. *See Lincoln,* 800 F.3d at 109. Additionally, such an inquiry is both time and cost-effective. *Id.* The Tenth Circuit has held that "a refusal to grant discovery constitutes an abuse of discretion if either the pertinent jurisdictional facts are controverted or a more satisfactory showing is necessary." *See Health Grades, Inc. v. Decatur Mem'l Hosp.,* 190 F. App'x 586, 589 (10th Cir. 2006) (*citing Sizova v. Nat'l Inst. Of Standards & Tech.,* 282 F.3d 1320, 1326 (10th Cir. 2002)); *see also, First Horizon Merch. Servs. v. Wellspring Capital Mgmt., LLC,* 166 P.3d 166, 1798 (Colo. Ct. App. 2007) (requiring a party to allege facts as to why discovery is necessary to establish jurisdiction).

Accordingly, this Court has original diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a). In addition, venue is proper in this district under U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in the District of Colorado.

## III. CONCLUSION

For the foregoing reasons, there is complete diversity among the parties. As such, this Court has jurisdiction over this matter. UCS respectfully requests the Court enter an Order ordering the Chambers to file a real Answer to the Complaint [ECF 1] within 14 days and awarding UCS all of its fees and costs incurred in responding to the Chambers' frivolous Amended Answer. Alternatively, if the Court believes that UCS has not established complete diversity among the parties, UCS requests leave to conduct limited jurisdictional discovery. Any reservations the Court may have as to its jurisdiction over this matter can be alleviated through such discovery, as Defendants are all in the best position to either clarify or provide the necessary information to UCS and the Court to establish the Court's diversity jurisdiction.

Respectfully submitted this 1st day of December 2025.

THE HUSTEAD LAW FIRM
*A Professional Corporation*

*The Original Signature is on File at The Hustead Law Firm, A Professional Corporation*

*/s/ Jeffrey A. Hegewald*
Patrick Q. Hustead, Esq.
Jeffrey A. Hegewald, Esq.
Jason J. Patel, Esq.
The Hustead Law Firm, *A Professional Corporation*
4643 S. Ulster Street, Suite 1250
Denver, CO 80237
Ph. (303) 721-5000
pqh@thlf.com
jah@thlf.com
jjp@thlf.com
*Attorneys for Plaintiff United Casualty & Surety Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of December 2025, a true and correct copy of the foregoing **PLAINTIFF UNITED CASUALTY & SURETY INSURANCE COMPANY'S RESPONSE TO DEFENDANTS CHRISTOPHER CHAMBERS AND RHONDA CHAMBERS' "AMENDED ANSWER" [ECF 14]** was electronically filed and served via USDC e-filing and/or e-mail, and addressed to the following:

Christopher Chambers
2523 Meadow Brook Drive
Norman, OK 73072
kchambers@ravenwoodlabs.com

*Pro Se*

Rhonda Chambers
2523 Meadow Brook Drive
Norman, OK 73072
kchambers@ravenwoodlabs.com

*Pro Se*

Angela McLaughlin
549 Wright Road
Clarksdale, MS 38614

*Pro Se*

Dennis McLaughlin
2701 East Rock Creek Road
Norman, OK 73071

*Pro Se*

Ravenwood Energy Partners
c/o Registered Agent Quick Law Group
1035 Pearl Street, Suite 331
Boulder, CO 80302

*Pro Se*

*Original Signature is on File at*
*The Hustead Law Firm, A Professional Corporation*

*S/ Jeffrey A. Hegewald*
Jeffrey A. Hegewald, Esq.