**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 25-cv-03123-KAS

UNITED CASUALTY & SURETY INSURANCE COMPANY,

Plaintiff,

v.

RAVENWOOD ENERGY PARTNERS, LP,
DENNIS MCLAUGHLIN,
ANGELA MCLAUGHLIN,
CHRISTOPHER CHAMBERS, and
RHONDA CHAMBERS,

Defendants.

---

**PLAINTIFF UNITED CASUALTY & SURETY INSURANCE COMPANY'S REPLY TO DEFENDANTS CHRISTOPHER CHAMBERS' AND RHONDA CHAMBERS' RESPONSE TO UCS's MOTION FOR CLERK'S ENTRY OF DEFAULT AGAINST DEFENDANTS ANGELA MCLAUGHLIN AND RAVENWOOD ENERGY PARTNERS, LP [ECF 15]**

---

Plaintiff, United Casualty & Surety Insurance Company ("UCS"), through its undersigned counsel, The Hustead Law Firm, *A Professional Corporation*, hereby submits its Reply to Defendants Christopher Chambers' and Rhonda Chambers' (the "Chambers") Response to UCS's Motion for Clerk's Entry of Default Against Defendants Angela McLaughlin and Ravenwood Energy Partners, LP [ECF 15] (the "Response"), and in support thereof, states as follows:

## I. <u>ARGUMENT</u>

The Chambers' Response asserts three arguments as to why the clerk should not enter a default against parties that the Chambers neither represent nor have any legal status for which to speak. Specifically, the Chambers request, out of bounds, that the clerk not enter default against

Defendants Angela McLaughlin ("Ms. McLaughlin") and Ravenwood Energy Partners LP ("Ravenwood") because: 1) the Chambers "believe an answer was filed by" Ms. McLaughlin; 2) the Chambers "are not aware of whether or not proper service of process was made on" Ravenwood; and 3) UCS has not established that there is complete diversity among the parties. [ECF 15 at ¶¶ 1-2]. Not only do the Chambers have neither standing nor a "dog in the fight," the Chambers' arguments are meritless.

First, as discussed in UCS's Motion for Clerk's Entry of Default Against Ms. McLaughlin and Ravenwood (the "Motion"), UCS personally served Ms. McLaughlin with Summons and Complaint on October 9, 2025. [ECF 12-2]. Under the Federal Rules of Civil Procedure, Ms. McLaughlin was required to file a responsive pleading to the Complaint within 21 days, on or before October 30, 2025. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Counsel for UCS spoke with Ms. McLaughlin via telephone several days prior to that October 30, 2025, deadline, and she was aware that she was required to file an answer or other responsive pleading to the Complaint.

Perhaps due to the Chambers appearing *pro se*, they may not be able to access or understand the Civil Docket in this case. At any rate, they neither speak for nor represent the defaulting Defendants Ms. McLaughlin and Ravenwood. Critically, a cursory review of the Civil Docket reveals that neither Ms. McLaughlin nor Ravenwood filed an answer or other responsive pleading to UCS's Complaint. The Civil Docket as of December 5, 2025, is attached hereto as **Exhibit 1**. Indeed, none of the defaulting Defendants have filed anything in this case. *See* **Ex. 1**.[1] Likewise,

---

[1] Defendant Dennis McLaughlin ("Mr. McLaughlin") was served on October 30, 2025, making his responsive pleading to the Complaint due on or before November 20, 2025. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Like Ms. McLaughlin and Ravenwood, neither Mr. McLaughlin nor anyone on his behalf have filed a responsive pleading to the Complaint. *See* **Ex. 1**. Accordingly, UCS filed a Motion for Clerk's Entry of Default against Mr. McLaughin on December 1, 2025 [ECF 16], separate and apart from the Motion related to Ms. McLaughlin and Ravenwood. [ECF 12].

neither Ms. McLaughlin nor Ravenwood have sent an answer or responsive pleading to UCS or its undersigned counsel.

Second, according to the Colorado Secretary of State, Ravenwood's registered agent is Quick Law Group in Boulder, Colorado. *See* Colorado Secretary of State Summary for Ravenwood attached hereto as **Exhibit 2**. As discussed in the Motion, UCS served Ravenwood through its registered agent, Quick Law Group, on October 15, 2025. [ECF 12-3]. Ravenwood's Answer was thus due on or before November 5, 2025. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Ravenwood did not file an answer or other responsive pleading to the Complaint by that deadline, and the Chambers do not assert that it did. *See* **Ex. 1**; [ECF 15].

The Chambers' assertion that they are "not aware of whether or not proper service of process was made" on Ravenwood is belied by the fact that a copy of the Proof of Service for Ravenwood was served on the Chambers with UCS's Motion via US Mail. *See* Proof of Mailing to the Chambers attached hereto as **Exhibit 3**. Critically, Mr. Chambers' LinkedIn profile indicates that he is Ravenwood's partner. [ECF 17-2]. The Chambers thus should have access to information to verify that Ravenwood was properly served and that Ravenwood failed to respond to the Complaint by Ravenwood's November 5, 2025, deadline.

Finally, on December 1, 2025, UCS filed its Response to the Chambers' "Amended Answer" [ECF 17] (the "Response"). UCS's Response undisputedly established: 1) the identity of Ravenwood's partners (Mr. Chambers, Mr. McLaughlin, and Ravenwood Advisors LLC); 2) the citizenship of Ravenwood's partners; and 3) the citizenship of all of the former and current members of Ravenwood Advisors LLC. [ECF 17]. As discussed in the Response, none of the Defendants are citizens of the same state as UCS. Accordingly, UCS has definitively established that there is complete diversity among the parties. More importantly, at any rate, the Chambers'

Response is legally ineffectual, and entry of default against Ms. McLaughlin and Ravenwood must enter.

## II. CONCLUSION

For the foregoing reasons, UCS respectfully requests: 1) that the Court grant UCS's Motion [ECF 12]; 2) that the Court and its Clerk place upon the Court's docket a notice of Entry of Default against Defendants Angela McLaughlin and Ravenwood Energy Partners LP; and 3) that the Court award UCS all of its attorneys' fees and costs incurred to date, including for responding to the Chambers' frivolous and meritless Court filings, all other monetary relief requested in the Complaint under applicable law and under the terms of the General Indemnity Agreement, and any other relief the Court deems just and equitable under the circumstances.

Respectfully submitted this 5th day of December 2025.

THE HUSTEAD LAW FIRM
*A Professional Corporation*

*The Original Signature is on File at The Hustead Law Firm, A Professional Corporation*

*/s/ Jeffrey A. Hegewald*
Patrick Q. Hustead, Esq.
Jeffrey A. Hegewald, Esq.
Jason J. Patel, Esq.
The Hustead Law Firm, *A Professional Corporation*
4643 S. Ulster Street, Suite 1250
Denver, CO 80237
Ph. (303) 721-5000
pqh@thlf.com
jah@thlf.com
jjp@thlf.com
*Attorneys for Plaintiff United Casualty & Surety Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of December 2025, a true and correct copy of the foregoing **PLAINTIFF UNITED CASUALTY & SURETY INSURANCE COMPANY'S REPLY TO DEFENDANTS CHRISTOPHER CHAMBERS' AND RHONDA CHAMBERS' RESPONSE TO UCS's MOTION FOR CLERK'S ENTRY OF DEFAULT AGAINST DEFENDANTS ANGELA MCLAUGHLIN AND RAVENWOOD ENERGY PARTNERS, LP [ECF 15]** was electronically filed and served via USDC e-filing, e-mail, and/or U.S. Mail, and addressed to the following:

Christopher Chambers
2523 Meadow Brook Drive
Norman, OK 73072
kchambers@ravenwoodlabs.com

*Pro Se*

Rhonda Chambers
2523 Meadow Brook Drive
Norman, OK 73072
kchambers@ravenwoodlabs.com

*Pro Se*

Angela McLaughlin
549 Wright Road
Clarksdale, MS 38614

*Unrepresented*

Dennis McLaughlin
2701 East Rock Creek Road
Norman, OK 73071

*Unrepresented*

Ravenwood Energy Partners
c/o Registered Agent Quick Law Group
1035 Pearl Street, Suite 331
Boulder, CO 80302

*Unrepresented*

*Original Signature is on File at*
*The Hustead Law Firm, A Professional Corporation*

*S/ Jeffrey A. Hegewald*
Jeffrey A. Hegewald, Esq.