**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 25-cv-03123-KAS

UNITED CASUALTY & SURETY INSURANCE COMPANY,

Plaintiff,

v.

RAVENWOOD ENERGY PARTNERS, LP,
DENNIS MCLAUGHLIN,
ANGELA MCLAUGHLIN,
CHRISTOPHER CHAMBERS, and
RHONDA CHAMBERS,

Defendants.

---

**PLAINTIFF UNITED CASUALTY & SURETY INSURANCE COMPANY'S MOTION TO STRIKE DEFENDANTS DENNIS MCLAUGHLIN AND ANGELA MCLAUGHLIN'S ANSWERS [ECF 19; ECF 20], OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE ANSWERS**

---

Plaintiff, United Casualty & Surety Insurance Company ("UCS"), through its undersigned counsel, The Hustead Law Firm, *A Professional Corporation*, and pursuant to F.R.C.P. 8, hereby submits this Motion to Strike Defendants Dennis McLaughlin ("Mr. McLaughlin") and Angela McLaughlin ("Ms. McLaughlin," together with Mr. McLaughlin, the "McLaughlins") respective "Answers" [ECF 19; ECF 20] (the "Answers")[1] or in the alternative, moves for more definite Answers. In support of this Motion, UCS states as follows:

[1] The "Answers" do not directly respond to UCS's allegations against the McLaughlins set forth in UCS's Complaint. [ECF 19; ECF 20]. Instead, the 1 ½-page "Answers" each contain a meritless challenge to the Court's jurisdiction and a general denial of all allegations in the Complaint.

## I. ARGUMENT

On November 12, 2025, UCS filed its Motion for Clerk's Entry of Default against Ms. McLaughlin based upon her failure to respond to UCS's Complaint [ECF 1] by her October 30, 2025, deadline.[2] [ECF 12]. On December 1, 2025, UCS filed a Motion for Clerk's Entry of Default against Mr. McLaughlin based upon his failure to respond to the Complaint by his November 20, 2025, deadline. [ECF 16].

On December 10, 2025, the McLaughlins filed their "Answers." [ECF 19; ECF 20]. The "Answers" – which were essentially carbon copies of the "Amended Answer" filed by Defendants Christopher Chambers and Rhonda Chambers (the "Chambers") – assert that the Court lacks jurisdiction over this matter because there is allegedly "insufficient information from the pleadings whether there is complete diversity of citizenship." [ECF 19 at ¶ 2; ECF 20 at ¶ 2]. The McLaughlins' assertion lacks merit.

As set forth in UCS's Response to the Chambers' "Amended Answer", complete diversity exists amongst the parties. [ECF 17]. Specifically, UCS undisputedly established: 1) the identity of Ravenwood's partners (Mr. Chambers, Mr. McLaughlin, and Ravenwood Advisors LLC); 2) the citizenship of Ravenwood's partners; and 3) the citizenship of all of the former and current members of Ravenwood Advisors LLC. [ECF 17]. Further, as explained in UCS's Response to the Chambers' jurisdictional challenge, no Defendant is a citizen of the same state as UCS. [ECF 17].

Moreover, the McLaughlins' "Answers" are untimely. Ms. McLaughlin's "Answer" was filed forty-one (41) days after the October 30, 2025, deadline for her to respond to the Complaint,

---

[2] UCS also requested that Defendant Ravenwood Energy Partners LP ("Ravenwood") be defaulted. [ECF 12].

and after UCS moved for entry of default against her. Likewise, Mr. McLaughlin's "Answer" was filed twenty (20) days after his November 20, 2025, deadline, and after UCS moved for entry of default against him.

Neither of the McLaughlins have argued that there is good cause basis for their dilatory filings or for the Court not to enter defaults against them. *See* F.R.C.P. 55(c). As previously discussed, the McLaughlins ignored the summons which were properly served upon them, and which commanded them to respond to the Complaint within 21 days of service. To date, the McLaughlins have offered no explanation for their late filings that would meet the excusable neglect standard to extend their respective Answer deadlines. *See City of Chanute, Kan. V. Williams Natural Gas Co.,* 31 F.3d 1041, 1046-1047 (10th Cir. 1994) (four factors to analyze in determining excusable neglect are 1) danger of prejudice to the plaintiff; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control of the defendant; and 4) whether the defendant acted in good faith).

The third factor – the reason for the delay – is "perhaps the most important single factor" in determining whether neglect is excusable. *City of Chanute,* 31 F.3d at 1046. The McLaughlins' only claimed excuse for their respective delays in responding to the Complaint is that they "ha[ve] been a bit uncertain as to how the process and deadlines work but [are] trying to be as responsive as possible" [ECF 19 at ¶ 2; ECF 20 at ¶ 2]. Even if true, "ignorance of the rules, or mistakes construing the rules do[es] not usually constitute 'excusable neglect.'" *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 392 (1993) (footnotes omitted).

Further, with respect to Ms. McLaughlin, her assertion of claimed uncertainty is belied by the fact that she spoke with UCS's counsel via telephone several days prior to her October 30,

2025, deadline. During that call, Ms. McLaughlin admitted that she was aware that she had to file a response to the Complaint by October 30, 2025. [ECF 20 at ¶ 2]. Indeed, Ms. McLaughlin indicated during that phone call that she intended to file an Answer yet failed to obtain an extension of that deadline or otherwise attempt to comply with the Federal Rules of Civil Procedure.

Moreover, Mr. McLaughlin is no stranger to litigation. He appears to have been personally sued at least eleven (11) times according to publicly available court filings. Further, numerous companies owned by Mr. McLaughlin have been previously sued. *See, e.g.,* a 2011 Forbes article regarding Mr. McLaughlin's failed companies and business ventures, attached hereto as **Exhibit 1**. It appears that Mr. McLaughlin's preferred response when he or one of his companies is sued is to simply ignore the lawsuit in the hope that it will go away. *See, e.g., Telcoenergy Corp., v. Dennis G. McLaughlin, III,* Adversary No. 10-03280-SGJ, Doc. 80 attached hereto as **Exhibit 2** (denying Motion to Stay Enforcement of Default Judgment where Mr. McLaughlin failed to file a responsive pleading to complaint in adversary proceeding). UCS's lawsuit, however, is not going away.

Significantly, the McLaughlins have failed to substantively respond to UCS's allegations in the Complaint, and their general denial is not made in "good faith" as required by F.R.C.P. 8(b)(3). *See Fleming v. Sims,* 2017 WL 8294286, *7 (D. Colo. 2017) ("While a general denial is permitted, it must be made in good faith.") (*citing* F.R.C.P. 8(b)(3)). Indeed, the McLaughlins' respective Answers assert that they "den[y] all allegations not specifically admitted herein," and that the McLaughlins "reserve[] the right to amend [their] answer[s] upon further investigation and upon confirmation that this court has jurisdiction over the claims and parties as pled" in the Complaint. [ECF 19 at ¶¶ 3, 5]; [ECF 20 at ¶¶ 3, 5].

The McLaughlins' reservation of their asserted right to amend their Answers "upon further investigation" is irrelevant to their obligation to respond to each specific allegation in the Complaint. Indeed, when responding to a complaint, a defendant "need only affirm or deny based upon the knowledge her or she possesses, or state that he or she has no knowledge." *See McSweeney v. Janes,* 2014 WL 3707788, *3 (D. Colo. 2014) (ordering defendants to file Amended Answer responding to specific paragraphs of complaint). Critically, the McLaughlins generally denied numerous allegations in the Complaint despite possessing sufficient knowledge to admit those allegations.

For example, paragraph 4 of the Complaint asserts: "Upon information and belief, Ms. McLaughlin is a citizen of Mississippi, whose last known residence is 549 Wright Road, Clarksdale, Mississippi 38614." [ECF 1]. Ms. McLaughlin denied that allegation, despite being personally served with the summons and Complaint at that address. [ECF 8] (Proof of Service for Ms. McLaughlin at 549 Wright Road, Clarksdale, Mississippi 38614). Additionally, each Defendant undisputedly executed a General Indemnity Agreement in favor of UCS. [ECF 1-2] (bearing signatures of the McLaughlins, the Chambers, and Christopher Chambers as Managing Partner of Ravenwood). Though UCS attached the General Indemnity Agreement to the Complaint and it bears Mr. McLaughlin's signature, Mr. McLaughlin denied that he executed the General Indemnity Agreement.

Such general denials are not in good faith as contemplated by F.R.C.P. 8(b)(3). *See, e.g., National Restaurant Ass'n Educational Foundation v. Shain,* 287 F.R.D. 83, 87 (D.D.C. 2012) ("defendants' general denial [to] 'each and every allegation' [in the complaint] would be subject to a motion to strike under Fed. R.Civ.P. 12(f) because Rule 8(b)(2) permits general denials only where a party 'intends in good faith to deny all the allegations of a pleading – including the

jurisdictional grounds….'") (*citing* F.R.C.P. 8(b)(3)). As discussed above, the McLaughlins have generally denied allegations in the Complaint which they know to be true. Accordingly, their general denials are not in good faith and thus must be stricken. *See, e.g., JL Audio, Inc. v. Saif,* 2017 WL 4923191, *2 (E.D. Cal. Oct. 31, 2017) (striking answer where defendants failed to deny in "good faith" certain undisputable facts such as nature of defendants' business and its location).

Additionally, UCS will be prejudiced if the McLaughlins are not defaulted. This case has been pending for over two months, and UCS has had to respond to frivolous and meritless filings from the Chambers and the McLaughlins. The McLaughlins failed to timely respond to the Complaint. When they filed their untimely "Answers," they raised baseless jurisdictional issues, which UCS has previously refuted, and improper general denials. As a result, the case has been delayed, and UCS has incurred significant attorney fees responding to baseless, non-substantive filings by the Defendants.

Finally, the McLaughlins do not have meritorious defenses to their liability under the indemnity agreement they executed in favor of UCS. The Defendants only raise baseless procedural challenges and a general denial not raised in good faith. But, as previously discussed, there is complete diversity among the parties, and this Court has jurisdiction over this matter.

## II. CONCLUSION

In sum, it is undisputed that the McLaughlins failed to timely file responses to UCS's Complaint and otherwise failed to obtain extensions of their respective deadlines to respond to the Complaint. They have not shown excusable neglect for doing so. Accordingly, UCS respectfully requests that the Court: 1) find that there is diversity jurisdiction among the parties; 2) find the McLaughlins in default; 3) in the alternative, order the McLaughlins to file more definite Answers to the Complaint, including specific admissions or denials to each and every allegation in the

Complaint; and 4) for such other and further relief as the Court deems just and equitable under the circumstances.

Respectfully submitted this 31st day of December 2025.

The Hustead Law Firm
*A Professional Corporation*

*The Original Signature is on File at The Hustead Law Firm, A Professional Corporation*

*/s/ Jeffrey A. Hegewald*
Patrick Q. Hustead, Esq.
Jeffrey A. Hegewald, Esq.
Jason J. Patel, Esq.
The Hustead Law Firm, *A Professional Corporation*
4643 S. Ulster Street, Suite 1250
Denver, CO 80237
Ph. (303) 721-5000
pqh@thlf.com
jah@thlf.com
jjp@thlf.com
*Attorneys for Plaintiff United Casualty & Surety Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of December 2025, a true and correct copy of the foregoing **PLAINTIFF UNITED CASUALTY & SURETY INSURANCE COMPANY'S MOTION TO STRIKE DEFENDANTS DENNIS MCLAUGHLIN AND ANGELA MCLAUGHLIN'S ANSWERS [ECF 19; ECF 20] OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE ANSWERS** was electronically filed and served via USDC e-filing and/or e-mail, and addressed to the following:

Christopher Chambers
2523 Meadow Brook Drive
Norman, OK 73072
kchambers@ravenwoodlabs.com

*Pro Se*

Rhonda Chambers
2523 Meadow Brook Drive
Norman, OK 73072
kchambers@ravenwoodlabs.com

*Pro Se*

Angela McLaughlin
549 Wright Road
Clarksdale, MS 38614

*Pro Se*

Dennis McLaughlin
2701 East Rock Creek Road
Norman, OK 73071

*Pro Se*

Ravenwood Energy Partners
c/o Registered Agent Quick Law Group
1035 Pearl Street, Suite 331
Boulder, CO 80302

*Unrepresented*

*Original Signature is on File at*
*The Hustead Law Firm, A Professional Corporation*

*S/ Jeffrey A. Hegewald*
Jeffrey A. Hegewald, Esq.