IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  25-cv-0 3123-KAS

UNITED CASUALTY & SURETY INSURANCE COMPANY,

       Plaintiff,

v.

RAVENWOOD ENERGY PARTNERS, LP,
DENNIS MCLAUGHLIN,
ANGELA MCLAUGHLIN,
CHRISTOPHER CHAMBERS, and
RHONDA CHAMBERS,

       Defendants.

---

## SCHEDULING ORDER

---

### 1.  DATE OF SCHEDULING CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Pursuant to the Court's December 29, 2025, Minute Order [Doc. 22], the Scheduling Conference is March 26, 2026, at 11:30 AM.

Plaintiff United Casualty & Surety Insurance Company ("UCS") is represented by Patrick Q. Hustead, Esq., Jeffrey A. Hegewald, Esq., and Jason J. Patel, Esq., of The Hustead Law Firm, 4643 S. Ulster Street, Suite 1250, Denver, CO 80237.  UCS's counsel can be reached at (303) 721-5000.

Defendant Dennis McLaughlin is *pro se*.  His address is 2701 East Rock Creek Road, Norman, OK 73071.  His telephone number is unknown.

Defendant Angela McLaughlin is *pro se*.  Her address is 549 Wright Road

1

Clarksdale, MS 38614.  Her telephone number is unknown.

Defendants Christopher Chambers, and Rhonda Chambers are *pro se*.  Their address is 2523 Meadow Brook Drive, Norman, OK 73072.  Their telephone number is (214) 549-7215.

Defendant Ravenwood Energy Partners, LP, is not represented by counsel.

## 2.  STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

### a.  Plaintiff

Plaintiff UCS is a surety that executed four Performance Bonds (the "Bonds") on behalf of Omimex Petroleum, Inc. ("Omimex"), as principal, in favor of the State of Colorado, as Obligee, with a combined penal sum of $205,000.  UCS executed the Bonds in relation to Omimex's oil and gas leases in Colorado:

| Date of Bond | Bond Number | Bond Amount |
|---|---|---|
| August 5, 2021 | UCSX423X1393 | $25,000.00 |
| August 5, 2021 | UCSX423X1423 | $100,000.00 |
| August 5, 2021 | UCSX423X1392 | $50,000.00 |
| August 5, 2021 | UCSX423X1392 | $30,000.00 |
| | TOTAL | $205,000.00 |

As consideration for UCS's execution of the Bonds and other consideration, on or about July 22, 2021, Defendants Ravenwood Energy Partners, LP, Dennis McLaughlin, Angela McLaughlin, Christopher Chambers, and Rhonda Chambers (collectively, the

2

"Indemnitors") executed a General Indemnity Agreement ("GIA") in favor of UCS.  Among other broad rights the Indemnitors granted to UCS under the GIA, the Indemnitors agreed, jointly and severally, to pay UCS for all losses, costs or expenses including attorneys' fees incurred by UCS by reason of having executed the Bonds.  Additionally, the Indemnitors agreed to pay an amount sufficient to cover any claims made against UCS on the Bonds.  The parties agreed the payment amount would be in an amount UCS deemed necessary to protect itself from any loss, cost, or expense.

August 1, 2025, Colorado Energy & Carbon Management Commission (the "Commission") submitted a claim on the Bond, alleging that Ravenwood had failed to pay the Commission at least $205,000.00 for construction services rendered.  UCS conducted a detailed investigation into the Commission's claim and Ravenwood's defenses thereto and ultimately determined that a potential for liability existed for losses and/or fees, costs and expenses.  On June 17, 2025, UCS issued payment to the Commission for $205,000.00 in satisfaction of the Commission's claim under the Bonds.

UCS has demanded that the Indemnitors indemnify and save UCS harmless from UCS's actual liability under the Bonds.  To date, the Indemnitors have not posted collateral or otherwise reimbursed UCS for all of its losses as a result of executing the Bonds as required by the GIA and prevailing law.

**b. Defendant**

Defendants deny that they are liable to UCS under the alleged General Indemnity Agreement or otherwise. Defendants dispute that the GIA is enforceable as to them individually, dispute UCS's characterization of the GIA's terms, and deny that UCS's

claimed losses, attorneys' fees, and costs are recoverable as demanded, in whole or in part.

Defendants contend that Omimex Petroleum, Inc. is a debtor in an active bankruptcy case and that UCS's claims arise out of, or are closely intertwined with, Omimex's obligations and the bonded obligations. Defendants assert that proceeding with this action may violate, or is inconsistent with, the automatic stay under 11 U.S.C. § 362 and/or orders entered in the Omimex bankruptcy case, and that this action should be stayed, dismissed, or otherwise limited unless and until appropriate relief is obtained from the bankruptcy court.

Without limitation, Defendants assert defenses including: lack of personal obligation or guarantee by some or all individual defendants; lack of mutual assent or consideration as to some defendants; ambiguity and/or unenforceability of the GIA; lack of standing or failure to join indispensable parties; that UCS's payment was voluntary, unreasonable, or made without adequate investigation; failure to mitigate; set-off and recoupment; and all defenses available under the GIA, Colorado law, and applicable surety principles. Defendants expressly reserve all defenses and objections based on Omimex's bankruptcy case and any applicable stay, injunction, or related orders.

In addition, Defendants do not concede that any matter listed in the Undisputed Facts section below is material or dispositive and reserve all objections to the use of these facts at any later stage, including on summary judgment or at trial.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1.      On August 5, 2021, UCS issued the following Bonds:

| Date of Bond | Bond Number | Bond Amount |
|---|---|---|
| August 5, 2021 | UCSX423X1393 | $25,000.00 |
| August 5, 2021 | UCSX423X1423 | $100,000.00 |
| August 5, 2021 | UCSX423X1392 | $50,000.00 |
| August 5, 2021 | UCSX423X1392 | $30,000.00 |
| | TOTAL | $205,000.00 |

2.      On or about June 17, 2025, UCS made payment in the aggregate amount of $205,000 dollars to the Colorado Energy & Carbon Management Commission related to the Bonds.

3.      On July 31, 2025, UCS sent a written correspondence to the Defendants demanding indemnity and defense under the GIA from and against all of UCS's losses, including but not limited to, Bond payments, attorneys' fees, and costs.

4.      As of the date of this Scheduling Order, UCS has not received any payments directly from any defendant in response to the July 31, 2025 correspondence, or otherwise.

## 5.  COMPUTATION OF DAMAGES

### a.  Plaintiff

Bond Payments:     $205,000.00

Attorneys' Fees:     $40,991.50

Costs:                     $2,188.47

TOTAL:                   $248,179.97

UCS is also requesting pre-judgment and post-judgment interest at the statutory rate.  UCS reserves its right to amend the above requested damages at a later date, as it continues to incur fees and costs in connection with this litigation.

**b. Defendants**

Defendants dispute the amounts claimed by UCS, the reasonableness and necessity of any attorneys' fees and costs, and UCS's entitlement to any pre-judgment or post-judgment interest. Defendants contend that any recovery by UCS, if any, must be reduced or barred by defenses including but not limited to failure to mitigate, voluntary payment, unreasonableness of fees and costs, and the effect of Omimex's bankruptcy and any applicable stay or orders.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a. Date of Rule 26(f) meeting.**

The Fed. R. Civ. P. 26(f) meeting was held on Wednesday, March 18, 2026.

**b. Names of each participant and party he/she represented.**

For UCS: Jason J. Patel, Esq.

For Defendants: *Pro se* Defendant Christopher Chambers was the only Defendant who participated in the Fed. R. Civ. P. 26(f) meeting.

**c. Statement of when Rule 26(a)(1) disclosures were made or will be made.**

May 1, 2026

**d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

The parties have agreed to extend the disclosure deadline to May 1, 2026, while the parties continue to negotiate a potential settlement.

**e. Statement concerning any agreements to conduct informal discovery.**

None, but the parties are open to discussing information discovery if it would serve to reduce litigation costs.

**f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties agree to work together on agreements and procedures to reduce the cost of litigation.  The parties also agree to use a unified exhibit numbering system for deposition.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties do not believe that their claims or defenses will involve extensive electronically stored information ("ESI").  While the parties have agreed to exchange documents set forth in their respective Initial Disclosures in electronic format, these documents are not unusually voluminous, and can easily be transmitted in .pdf format. The parties therefore foresee no issues with ESI.

To the extent ESI is involved, however, the parties agree to take steps to: 1) preserve ESI; 2) facilitate the discovery of ESI; 3) limit the associated discovery costs and delay; 4) avoid discovery disputes relating to electronic discovery; and 5) address claims of privilege or of protection as trial preparation materials after production of computer generated records.

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have discussed potential settlement. UCS has requested Affidavits of Financial Condition and Personal Financial Statements from each Defendant. Defendants indicated that they intend to provide those requested Affidavits and Statements and are

evaluating UCS's demands in light of Omimex's bankruptcy and Defendants' asserted defenses.

## 7.  CONSENT

All parties ☒ [have]  ☐  [have not] consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

**a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

UCS's position:  Each side shall be limited to five depositions each, excluding experts, and can serve a maximum of 25 interrogatories on each party.  If a party wishes to depose an individual as both a 30(b0(6) representative and individually, the party must do so in one sitting.

Defendants are pro se and anticipate needing flexibility to take up to seven depositions collectively and to serve up to 30 interrogatories on each opposing party, subject to the Court's approval, in light of the number of parties and issues, including issues relating to Omimex's bankruptcy and the underwriting and handling of the bonds and the GIA.

**b.  Limitations which any party proposes on the length of depositions.**

UCS's position:  Depositions shall be limited to a length of one-day of seven hours, without prior agreement or absent leave of Court.

Defendants agree to the presumptive seven-hour limit per deposition, subject to the Court's ability to allow additional time for good cause.

**c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

UCS's position:  Each party may serve 25 requests for production and 25 requests for admission on each other party, including an unlimited number of requests for admission establishing the authenticity and business record exception of any document.

Defendants' position:  Defendants agree to 25 requests for production per party but request up to 35 requests for admission per party (excluding admissions solely as to authenticity), given the number of parties and issues.

**d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

October 2, 2026

**e.  Other Planning or Discovery Orders**

None.

## 9.  CASE PLAN AND SCHEDULE

**a.  Deadline for Joinder of Parties and Amendment of Pleadings:**

June 12, 2026

**b.   Discovery Cutoff:**

November 13, 2026

**c.  Dispositive Motion Deadline:**

December 11, 2026

**d.  Expert Witness Disclosure:**

**1.  The parties shall identify anticipated fields of expert testimony, if any.**

UCS anticipates designating a claims adjuster as a non-retained expert to discuss the handling of the Commission's claim.

Defendants currently do not anticipate using retained experts but may identify non-retained witnesses, including individuals with knowledge of Omimex's operations, the bonds, and the GIA.

**2.  Limitations which the parties propose on the use or number of expert witnesses.**

UCS's position:  Each side shall be limited to no more than one expert in any given field.

Defendants' position:  Defendants agree in principle but reserve the right to seek leave to designate additional experts for good cause.

**3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before \_\_\_, 20\_\_.** *[This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]*

September 11, 2026

**4.  The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before \_, 20\_\_.** *[This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]*

September 25, 2026

**e.  Identification of Persons to Be Deposed:**

| *Name of Deponent* | *Expected Length of Deposition* |
|---|---|
| Defendant Dennis McLaughlin | Four Hours |
| Defendant Angela McLaughlin | Two Hours |
| Defendant Christopher Chambers | Four Hours |
| Defendant Rhonda Chambers | Two Hours |

## 10.  DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

**a.  Status conferences will be held at the following dates and times:**

[_Magistrate Judge to insert date and time_]

_____, 20__ at __ o'clock ____m.

**b.  A final pretrial conference will be held at the following date and time:**

[_Magistrate Judge to insert date and time_]

_____, 20__ at __ o'clock ____m.

A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

**a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None.

**b.  Anticipated length of trial and whether trial is to the court or jury.**

Three days to a jury.

**c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None.

11

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause.


DATED at _____, Colorado, this _____ day of March, 2026.

BY THE COURT:


_____
Kathryn A. Starnella
United States Magistrate Judge

APPROVED AS SUBMITTED ON March 19, 2026:

*s/ Jeffrey A. Hegewald*
Jeffrey A. Hegewald, Esq.
4643 S. Ulster Street, #1250
(303) 721-5000
jah@hlf.com
**Attorney for Plaintiff**

*s/ Dennis McLaughlin*
Dennis McLaughlin
2701 East Rock Creek Road
Norman, OK 73071
**Pro Se**

*s/ Angela McLaughlin*
Angela McLaughlin
549 Wright Road
Clarksdale, MS 38614
**Pro Se**

*s/ Christopher Chambers*
Christopher Chambers
2523 Meadow Brook Drive
Norman, OK 73072
**Pro Se**

*s/ Rhonda Chambers*
Rhonda Chambers
2523 Meadow Brook Drive
Norman, OK 73072
**Pro Se**