IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03123-KAS

UNITED CASUALTY & SURETY INSURANCE COMPANY,

Plaintiff,

v.

RAVENWOOD ENERGY PARTNERS, LP,
DENNIS MCLAUGHLIN,
ANGELA MCLAUGHLIN,
CHRISTOPHER CHAMBERS, and
RHONDA CHAMBERS,

Defendants.

---

**CIVIL TRIAL PROCEDURES ORDER**
(effective July 11, 2025)

---

The following procedures and orders supplement the Federal Rules of Civil Procedure and the Local Rules of this Court. In order to fairly and efficiently try the merits of each case in which the undersigned proceeds on consent of the parties, the Court **ORDERS** as follows:

**1.** **Final Pretrial Conference and Trial Preparation Conference.** The Court combines the Final Pretrial Conference ("FPC") with the Trial Preparation Conference ("TPC"). This joint conference will be held in Courtroom A-501, Fifth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294.

**2.** **Proposed Final Pretrial Order.** The parties must use the Proposed Final Pretrial Order template posted on the Court's website at: http://www.cod.uscourts.gov/CourtOperations/RulesProcedures/Forms.aspx#Civil, with the following changes: sections 6(a)(3) and (b)(3) must be modified to include a statement about proposed use of *videotaped* and non-videotaped deposition testimony. The parties must file via CM/ECF the Proposed Final Pretrial Order **no later than seven (7) days before** the FPC/TPC.

**3.** **Deposition Designations.** **No later than twenty-one (21) days prior** to the FPC/TPC, counsel shall exchange their designation of anticipated deposition and videotape deposition testimony. **No later than fourteen (14) days prior** to the FPC/TPC, counsel shall exchange their counter-designations, if any. Plaintiff's designations shall be

highlighted in yellow and defendant's designations shall be highlighted in blue. **No later than five (5) days prior** to the FPC/TPC, the parties shall file a chart identifying their designations and counter-designations by page and line number and any objections and replies to the objections. Objections must state the rule and a short statement of the basis for the objection. A template chart is available here.

**4. Motions in Limine.** The Court permits motions in limine. Motions in limine shall be filed **no later than twenty-one (21) days before** the combined FPC/TPC. Responses to motions in limine shall be filed **seven (7) days before** the FPC/TPC. Replies in support of motions in limine are not permitted. Each party may file a single motion in limine, with each discrete evidentiary dispute separately numbered.

**5. Trial Briefs.** Trial briefs are not permitted for jury trials. For bench trials, parties may file trial briefs, which discuss substantive legal issues, not evidentiary issues. Trial briefs must be filed **no later than ten (10) days before** the FPC/TPC. Trial briefs are limited to 20 pages.

**6. Jury Instructions and Verdict Forms.** As part of the FPC/TPC, the Court addresses both Preliminary Jury Instructions and Final Jury Instructions. Preliminary instructions will be given prior to opening arguments and final instructions will be given prior to closing arguments. The jury will receive copies of the Final Jury Instructions for its deliberations. Proposed jury instructions (both preliminary and final) as well as proposed verdict form(s) must be filed **fourteen (14) days in advance** of the FPC/TPC. The parties must also submit the documents in Microsoft Word format via email (Starnella_Chambers@cod.uscourts.gov).

**a. Form Instructions; Plain Language.** For claims arising under Colorado state substantive law, the Court prefers to use the Colorado Jury Instructions – Civil. For employment claims arising under federal law, the Court prefers to use the Faculty of Federal Advocates Model Employment Law Jury Instructions. For other claims arising under federal law, the Court prefers to use the Federal Jury Practice and Instructions – Civil. For introductory and general instructions, counsel are encouraged to use these template instructions. Counsel are also encouraged to tailor any form instruction to the facts and circumstances of the particular case and to edit the form instructions to use plain language.

**b. Categories of Jury Instructions.** Proposed jury instructions must include citations of relevant authority in footnotes. The Court contemplates three categories of jury instructions: (a) "Stipulated Instructions"; (b) "Competing Instructions"; and (c) "Non-Stipulated Instructions." At the bottom of each instruction (immediately preceding the legal authority), the instruction should be identified as "Stipulated," "Competing," or "Non-Stipulated," and, in the case of competing or non-stipulated instructions, should also identify the party tendering the instruction (*e.g.*, "Plaintiff's Competing Instruction," "Defendant's Non-Stipulated Instruction."

**i. "Stipulated Instructions"**: Stipulated instructions are those instructions about which the parties agree after conferral.

**ii. "Competing Instructions"**: Competing instructions are those instructions about which the parties agree that an instruction is necessary but disagree about the content of that instruction.

**iii. "Non-Stipulated Instructions"**: Non-stipulated instructions are those instructions requested by a party to which any other party objects but does not request/tender a competing instruction.

Each proposed competing or non-stipulated instruction should contain, at the bottom of the instruction, one paragraph of argument from each side, including citations to legal authority, explaining why the instruction is tendered or opposed.

**c. Format of Proposed Jury Instructions.** Proposed instructions should not be numbered. Each proposed instruction should contain a title, which shall be centered in bold, all caps typeface on the top page corresponding to the instruction. If the parties edit a form or pattern instruction, the parties shall either redline/track such changes or specifically describe them at the bottom of the instruction. Proposed instructions should be submitted with "hard page breaks," not hard returns, between each instruction.

**d. Stylistic Conventions.** When referring to this Court in the body of the instructions, always capitalize the word, "Court." Additionally, do not use articles when referring to the parties, but capitalize the parties' names or designation (e.g., "Plaintiff Smith" or "ABC Corp.").

**e. Conferral Deadline. At least thirty (30) days prior** to the combined FPC/TPC, the parties shall begin conferring about proposed jury instructions and the verdict form. The parties are encouraged to stipulate to the verdict form and as many proposed jury instructions as possible, including the statement of the case. Only true conflict or uncertainty in binding substantive law should prevent agreement. The parties are also encouraged to stipulate to a reasonable number of facts.

**7. <u>Joint Exhibit and Witness Lists.</u> At least fourteen (14) days before** the combined FPC/TPC, the parties shall file via CM/ECF joint proposed witness and exhibit lists.

**a. Format.** The estimate for each witness's length of testimony should include estimated time required for cross-examination. The joint witness list must identify "will call" and "may call" witnesses. The parties shall submit a single, joint list of exhibits listed numerically and consecutively using the exhibit list form. Exhibit lists must identify all exhibits by Bates numbers. The Court's preferred formats for exhibit lists and witness lists are available here.

**b. Stipulations.** The parties must stipulate to the authenticity and admissibility of as many exhibits as possible. If the parties are unable to reach a stipulation as to any exhibit(s), the party opposing the admission of the exhibit(s) must set forth its objections, specifying the supporting legal authority for its opposition. The proponent of the exhibits shall set forth its response to the objection in the next column. Except objections to anticipated deposition testimony, the parties must file all objections to exhibits and witnesses **seven (7) days before** the FPC/TPC.

**c. Labels.** The parties must pre-mark all exhibits that will be used or identified for the record. The case number must appear on each exhibit sticker or label.

**8. <u>Motions Under Fed. R. Evid. 702.</u>** A party who wishes to challenge the admissibility of opinion testimony by an expert witness under Fed. R. Evid. 702 or based on a discovery violation shall file a written motion. An opponent's failure to bring such a motion does not relieve the proponent of its burden to show that the proffered testimony is admissible at trial.

**a.** Unless otherwise ordered, the deadline for filing a motion to exclude expert testimony is **30 days after** the rebuttal expert witness designation deadline.

**b.** The motion shall identify with specificity each opinion the moving party seeks to exclude and the specific grounds upon which that opinion is challenged (e.g., relevancy, sufficiency of facts, methodology).

**c.** The movant and non-movant shall state whether an evidentiary hearing is requested and, if so, explain why a hearing is necessary. If a hearing is set, the Court will notify the parties of its requirements concerning witnesses and exhibits in a separate order.

**9. <u>Voir Dire Questions.</u>** At least **seven (7) days before** the combined FPC/TPC, the parties shall file any proposed voir dire questions that they wish the Court to ask the venire, as well as any proposed voir dire questions they wish to ask. After potential jurors are seated in the courtroom, the Court will give them a brief statement of the case and conduct initial voir dire. After the Court concludes its voir dire examination, each side is generally limited to 15 minutes of voir dire examination consisting of court-approved questions and reasonable follow-up.

**10. <u>Trial Schedule.</u>** Trials generally will begin at 9:00 a.m. and continue until 5:00 p.m., with mid-morning and mid-afternoon breaks of approximately fifteen minutes and a lunch break of approximately 60 minutes. On the first day of a jury trial, counsel and pro se parties shall report to the court no later than 8:30 a.m. and jury selection will commence at 9:00 a.m. Thereafter, counsel and all pro se parties shall be present no later than 8:30 a.m. each day during trial to discuss any last-minute trial matters.

**11. <u>Jury Selection.</u>** The jury in civil cases will generally consist of nine jurors. Pursuant to Federal Rule of Civil Procedure 47(b) and 28 U.S.C. § 1870, each **side** will be permitted three peremptory challenges. *Batson* challenges are to be made at the conclusion of the exercise of peremptory challenges, immediately prior to the jury being seated and sworn. A party that wants to preserve a *Batson* challenge should ask the Court not to release any jurors subject to the challenge. Jurors will be permitted to take notes during trial.

**12. <u>Charging Conference.</u>** The Court will hold a charging conference either after Plaintiff rests or at the close of evidence to provide counsel the opportunity to add or modify instructions and the verdict form based on the evidence. At the trial's conclusion, the Court will read all instructions to the jurors before they are sent to deliberate.

**13. <u>Trials to the Court.</u>** At least **five (5) business days before** the FPC/TPC, the parties must file proposed findings of fact and conclusions of law via CM/ECF and must email a copy in Microsoft Word format to chambers (Starnella_Chambers@cod.uscourts.gov). The parties should list the proposed findings of fact in the same order as their anticipated order of proof at trial. The parties should tailor their closing arguments to the proposed findings of fact and conclusions of law. A resume or curriculum vitae, marked as an exhibit, generally will suffice to evidence the qualifications of an expert witness. Within **14 calendar days after** the bench trial transcript's preparation, the parties must file amended proposed findings of fact, with references to the trial transcript and admitted exhibits.

**14. <u>Glossary.</u>** At least **five (5) business days before** commencement of a hearing, a bench trial, a jury trial, or any other proceeding, counsel and any pro se party may file and provide the Court and opposing counsel with a glossary of any scientific or technical words, terms, and phrases.

**15. <u>USB Flash Drive and Exhibit Notebooks.</u>** Parties must prepare **two** USB flash drives (one for the jury and one for the court reporter), as well as **two** exhibit notebooks (one for the witness stand and one for the Court). Jurors will not receive individual exhibit binders; instead, they will view exhibits published on monitors during trial. During deliberations, jurors will use a thumb drive of admitted exhibits. The parties will prepare the thumb drive of admitted exhibits and provide the same to the Courtroom Deputy before deliberations begin. All exhibits must be in numerical sequence.

**a. Witness notebook.** The witness stand notebook must contain original exhibits, properly marked and tabbed, with pages of each exhibit numbered for the witness.

**b. Notebooks for the Court.** Parties must prepare two notebooks for the Court with copies of exhibits, properly marked and tabbed, with pages of each exhibit numbered.

**c. Cover of each notebook.** The cover of each notebook must contain the following information: (i) caption; (ii) nature of the proceeding; (iii) scheduled date and time; and (iv) "original" or "copy."

**d. Delivery of notebooks.** The witness's exhibit notebook and the Court's exhibit notebook must be delivered **no later than the Friday prior** to the commencement of trial. The parties shall coordinate with the Courtroom Deputy **no later than the Wednesday before** trial for delivery of these notebooks.

**16. Final Witness and Exhibit Lists. Three** copies of the joint witness list and **three** copies of the joint exhibit list must be delivered **no later than the Friday prior** to the commencement of trial. The parties shall coordinate with the Courtroom Deputy **no later than the Wednesday before** trial for delivery of these lists.

**17. Witness Salutations.** At trial, all parties and witnesses must be addressed as "Mr.," "Mrs.," "Ms.," "Dr.," etc. Informal references are not permitted except when children are testifying.

**18. Special Accommodations.** Counsel must notify Magistrate Judge Starnella's Courtroom Deputy of any need for special accommodations for any attorney, party, or witness, and any need for technological videoconferencing or electronic presentation of evidence **no later than thirty (30) days before** trial. Requests for technology training or testing should be directed to the Courtroom Deputy, Laura Galera, at 303-335-2104, **no later than 14 days prior** to the first day of trial.

**19. Trial Transcripts.** If a court reporter is available, the proceedings will be transcribed by the court reporter. If a court reporter is not available, the proceedings will be digitally recorded. Any request for transcripts should be directed to the Courtroom Deputy. Extraordinary requests, such as for daily copy, should be made **at least thirty (30) days in advance** of the trial date.

**20. Settlement.** Pursuant to D.C.COLO.LCivR 54.2, counsel must notify the Clerk of Court and Magistrate Judge Starnella's Chambers of a settlement **before noon on the last court business day before** the scheduled trial date. Jury costs may be assessed as a consequence for noncompliance with this instruction.