IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03123-KAS

UNITED CASUALTY & SURETY INSURANCE COMPANY,

Plaintiff,

v.

RAVENWOOD ENERGY PARTNERS, LP,
DENNIS MCLAUGHLIN,
ANGELA MCLAUGHLIN,
CHRISTOPHER CHAMBERS, and
RHONDA CHAMBERS,

Defendants.

---

**ORDER TO SHOW CAUSE**

---

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court sua sponte. Plaintiff United Casualty & Surety Insurance Company filed the operative Complaint [#1][1] on October 3, 2025, naming Ravenwood Energy Partners, LP, Dennis McLaughlin, Angela McLaughlin, Christopher Chambers, and Rhonda Chambers as Defendants. The Chambers Defendants challenged this Court's jurisdiction based on bankruptcy proceedings involving Omimex Petroleum Inc. *Challenge to Jurisdiction and Notice of Bankruptcy* [#10]. The Court denied the jurisdictional challenge during the April 9, 2026, Scheduling Conference on the ground that Plaintiff seeks to enforce any judgment it may receive only against the

[1] "[#1]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order to Show Cause.

Defendants' individually owned assets, rather than any assets owned by non-party Omimex. *Courtroom Mins.* [#34].

Because the McLaughlin Defendants and Ravenwood Energy Partners did not timely respond to the Complaint [#1], Plaintiff moved for entry of default against them. *Motion* [#12]. Thereafter, the McLaughlin Defendants filed belated Answers [#19, #20] to the operative Complaint [#1]. The Answers, each only about a page in length, contain a general denial of the allegations in the Complaint and challenge this Court's personal jurisdiction. *Answers* [#19, #20]. Plaintiff moved to strike the McLaughlin Defendants' Answers [#19, #20] on the ground that "the McLaughlins have failed to substantively respond to [Plaintiff's] allegations in the Complaint, and their general denial is not made in 'good faith' as required by F.R.C.P. 8(b)(3)." *Motion to Strike* [#25] at 4. Plaintiff further argued that Defendant Dennis McLaughlin's general statement of "uncertainty" about how to proceed in the litigation due to his pro se status is not well taken, considering that Mr. McLaughlin "appears to have been personally sued at least eleven times according to publicly available court filings" and that several of his companies have also been sued. *Id.*

To date, no attorney has entered an appearance on Defendant Ravenwood's behalf. Because a corporation, partnership, or other legal entity may not appear in matters before this Court without counsel admitted to the bar of this Court, a Clerk's Entry of Default [#26] issued as to Defendant Ravenwood on February 10, 2026. *See* D.C.COLO.LAttyR 5(b).

In preparation for the March 26, 2026 Scheduling Conference, only Defendant Christopher Chambers participated with Plaintiff's counsel to prepare the Proposed

Scheduling Order. *See Proposed Scheduling Order* [#28] at 6. The McLaughlin Defendants did not appear at the March 26 Scheduling Conference. *Courtroom Mins.* [#33].

The Court reset the March 26 Scheduling Conference to April 9, 2026, and ordered that all Defendants appear. *Minute Order* [#32]. In anticipation of the reset hearing, Defendant Christopher Chambers contacted the undersigned's chambers by email, in accordance with the Court's practice standards, to request to appear by video-teleconference. Defendant Christopher Chambers copied Defendant Dennis McLaughlin on the email. *See* D.C.COLO.MJ III(3) ("Requests to appear by telephone or videoconference may be made by calling Chambers or by emailing Chambers **and copying all counsel of record** five (5) business days in advance of the setting unless otherwise directed by the Court.") (emphasis added). The Court granted the request and reminded all recipients copied on the email that the Court ordered all parties to appear at the reset Scheduling Conference.

The McLaughlin Defendants did not appear at the April 9 Scheduling Conference. Apart from signing the Election Concerning Consent/Non-Consent to United States Magistrate Judge Jurisdiction form [#30], the McLaughlin Defendants have not participated in this litigation since filing their belated Answers [#19, #20].

Federal Rule of Civil Procedure 16(f)(1) provides in part: "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling *or other pretrial order*." (Emphasis added.) Rule 37(b)(2)(A)(ii)-(vii) permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Rule 16(f)(2) further provides: "Instead of or in addition to any other sanctions, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Accordingly,

IT IS HEREBY **ORDERED** that the McLaughlin Defendants shall show cause why this Court should not (1) recommend that default and default judgment be entered against them based on their failure to comply with this Court's orders, and (2) recommend that they pay Plaintiff's reasonable expenses incurred due to their non-compliance. The McLaughlin Defendants shall respond, in writing, to this Order to Show Cause no later than **May 15, 2026**. **Failure to do so may result in the Court issuing a recommendation that default and default judgment enter against the McLaughlin Defendants, along with any other sanction that the Court deems proper.**

With respect to the McLaughlin Defendants Answers, Rule 8 provides, in relevant part, that "[i]n responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." FED. R. CIV. P. 8(b)(1). Denials must fairly respond to the substance of the allegation. FED. R. CIV. P. 8(b)(2). To the extent that a party intends to deny all the allegations in a complaint, including the jurisdictional grounds,

by a general denial, such general denials must be made in good faith. Fed. R. Civ. P. 8(b)(3); *Fleming v. Sims*, No. 17-cv-01827-WJM-STV, 2017 WL 8294286, at *7 (D. Colo. Dec. 5, 2017). In light of the McLaughlin Defendants' litigation conduct thus far in the proceedings, the Court does not believe that their general denials are made in good faith. Courts in this District faced with defective answers have ordered that defendants amend their answers as an alternative to the "more drastic remedy of striking the pleading and deeming the corresponding allegations admitted." *Bern v. HCA-Healthone LLC*, No. 23-cv-00304-NYW-KAS, 2023 WL 6539827, at *3 (D. Colo. Oct. 6, 2023). Accordingly,

IT IS FURTHER **ORDERED** that the Motion to Strike [#25] is **GRANTED**. To the extent that the McLaughlin Defendants intend to meaningfully participate in this litigation, they shall, in addition to responding to this Order, file amended Answers that contain enumerated responses that either admit, deny, or state that they have insufficient information as to each allegation in the Complaint [#1] no later than **May 15, 2026**.

IT IS FURTHER **ORDERED** that the Clerk of Court shall mail a copy of this Order to Show Cause to all Defendants at their addresses of record.

Dated: April 15, 2026

BY THE COURT:



Kathryn A. Starnella
United States Magistrate Judge