**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03123-KAS

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
4/23/2026
**JEFFREY P. COLWELL, CLERK**

**UNITED CASUALTY & SURETY INSURANCE COMPANY,**

*Plaintiff,*

v.

**RAVENWOOD ENERGY PARTNERS, LP;**
**DENNIS McLAUGHLIN;**
**ANGELA McLAUGHLIN;**
**CHRISTOPHER CHAMBERS; and**
**RHONDA CHAMBERS,**

*Defendants.*

---

**DEFENDANTS DENNIS McLAUGHLIN AND ANGELA McLAUGHLIN'S**
**EMERGENCY MOTION FOR PROTECTIVE ORDER**
**PURSUANT TO FED. R. CIV. P. 26(c)**

**[Emergency Relief Requested Under D.C.COLO.LCivR 7.1(d)]**

---

Defendants Dennis McLaughlin and Angela McLaughlin, appearing *pro se*, respectfully move this Court for an emergency Protective Order pursuant to Fed. R. Civ. P. 26(c) staying production of the personal financial statements and affidavits of financial condition currently due April 23, 2026 under Paragraph 6.h of the Scheduling Order [Doc. 35]. In support of this Motion, the Movants state as follows:

## I. INTRODUCTION

The Scheduling Order entered by Magistrate Judge Starnella on April 9, 2026 [Doc. 35] imposes an April 23, 2026 deadline by which Defendants are to provide Affidavits of

Financial Condition and Personal Financial Statements to Plaintiff's counsel. *See* Doc. 35 ¶ 6.h. That deadline falls today. The Movants, Dennis McLaughlin and Angela McLaughlin, respectfully decline to make such production at this time and seek relief from the Court on the following grounds:

**First,** the Movants did not participate in the Rule 26(f) conference at which this proposed obligation was negotiated. The Scheduling Order itself reflects that "*Pro se* Defendant Christopher Chambers was the only Defendant who participated in the Fed. R. Civ. P. 26(f) meeting." Doc. 35 ¶ 6.b. The Movants did not agree to, and were not present for, any representation that they intended to provide personal financial information.

**Second,** no stipulated protective order or confidentiality agreement is in place. Production of the Movants' personal financial information — including bank account information, asset schedules, liabilities, and income statements — to opposing counsel absent any confidentiality protections would cause serious and irreparable privacy harm.

**Third,** no liability has been established. The Movants have raised substantive defenses, including the potential application of the automatic stay under 11 U.S.C. § 362 arising from the Omimex Petroleum bankruptcy, which the Scheduling Order itself acknowledges. Doc. 35 ¶ 3.b. Personal financial disclosure is not proportional to the needs of the case at this pre-liability stage under Fed. R. Civ. P. 26(b)(1).

**Fourth,** the Movants are currently *pro se* and are actively working to retain Colorado counsel. Emergency relief is therefore warranted.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(c)(1) provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The district court has broad discretion to

issue protective orders. *See Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008); *SEC v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010).

In addition, Rule 26(d)(1) prohibits a party from seeking discovery from any source before the parties have conferred as required by Rule 26(f), absent a stipulation or court order. Fed. R. Civ. P. 26(d)(1).

## III. GOOD CAUSE EXISTS FOR A PROTECTIVE ORDER

### A. The Movants Did Not Participate in the Rule 26(f) Conference and Did Not Agree to the Production at Issue.

The Scheduling Order expressly states that Christopher Chambers was the only Defendant who participated in the Rule 26(f) conference held on March 18, 2026. Doc. 35 ¶ 6.b. The Movants were not present on that call and did not agree to produce personal financial statements or affidavits of financial condition. A co-defendant proceeding *pro se* has no authority to bind the Movants to discovery obligations, particularly where, as here, the Movants' prior counsel had disclosed a conflict of interest. Any representation in Paragraph 6.h concerning the Movants' intent to produce such materials was made without their knowledge, participation, or consent.

### B. Production Without a Confidentiality Order Would Cause Serious Privacy Harm.

Personal financial statements and affidavits of financial condition necessarily disclose sensitive personal information including bank account numbers and balances, investment holdings, real and personal property, income, and liabilities. No stipulated protective order, confidentiality agreement, or Court-approved mechanism is currently in place to restrict opposing counsel's use or further distribution of such materials. Courts in this District routinely require the entry of an appropriate protective order before such sensitive personal financial materials are produced. Absent such protections, the privacy harm to the Movants is

immediate and irreparable.

**C. Formal Discovery Has Not Yet Begun and the Requested Production Is Not Proportional.**

Under Rule 26(d)(1), discovery generally may not proceed before a proper Rule 26(f) conference. Because the Movants did not participate in the March 18, 2026 conference, no valid Rule 26(f) exchange has occurred as to them. Moreover, personal financial condition is not relevant to the threshold question of liability under the General Indemnity Agreement, and disclosure at this pre-liability stage is not proportional to the needs of the case within the meaning of Rule 26(b)(1).

**D. Bankruptcy-Stay Defenses Remain Unresolved.**

The Scheduling Order itself recognizes that Omimex Petroleum, Inc. is a debtor in an active bankruptcy case, and that this action "may violate, or is inconsistent with, the automatic stay under 11 U.S.C. § 362 and/or orders entered in the Omimex bankruptcy case." Doc. 35 ¶ 3.b. The Movants have expressly reserved all defenses and objections based on the Omimex bankruptcy and any applicable stay or related orders. Compelled production of personal financial information before these threshold issues are resolved is premature and inappropriate.

**E. The Movants Are Currently Pro Se and Require a Reasonable Opportunity to Retain Counsel.**

The Movants' prior counsel disclosed a conflict of interest, leaving the Movants unrepresented. The Movants are actively seeking Colorado counsel and require a reasonable opportunity to do so before being compelled to produce sensitive personal financial information.

**IV. CONFERRAL UNDER D.C.COLO.LCivR 7.1(a)**

Because the production deadline falls today and emergency relief is sought under D.C.COLO.LCivR 7.1(d), meaningful conferral under D.C.COLO.LCivR 7.1(a) was not practicable. The Movants will promptly notify Plaintiff's counsel of the filing of this Motion and remain willing to confer regarding the entry of an appropriate protective order and an orderly schedule for future disclosures.

## V. RELIEF REQUESTED

For the foregoing reasons, the Movants respectfully request that the Court enter an Order:

1. Staying, as to Defendants Dennis McLaughlin and Angela McLaughlin, the April 23, 2026 deadline set forth in Paragraph 6.h of the Scheduling Order [Doc. 35] for production of Affidavits of Financial Condition and Personal Financial Statements;

2. Setting a status conference within fourteen (14) days to address the Movants' representation and Rule 26(f) compliance;

3. Conditioning any future production of personal financial information by the Movants on the prior entry of an appropriate Court-approved protective order governing confidentiality and use;

4. Declining to impose sanctions, costs, or fees against the Movants in connection with the April 23, 2026 deadline; and

5. Granting such further relief as the Court deems just and proper.

Respectfully submitted this 23rd day of April, 2026.

/s/ Dennis McLaughlin
**Dennis McLaughlin**
2701 East Rock Creek Road
Norman, OK 73071
*Defendant, Pro Se*

/s/ Angela McLaughlin
**Angela McLaughlin**
549 Wright Road
Clarksdale, MS 38614
*Defendant, Pro Se*

**DECLARATION OF DENNIS McLAUGHLIN**
**PURSUANT TO 28 U.S.C. § 1746**

I, Dennis McLaughlin, declare as follows:

1. I am over the age of eighteen, am one of the Defendants in the above-captioned action, and have personal knowledge of the matters set forth in this Declaration. If called as a witness, I could and would testify competently to each of the matters stated herein.

2. I did not participate in the Rule 26(f) conference held on March 18, 2026. I understand from the Scheduling Order [Doc. 35 ¶ 6.b] that Christopher Chambers was the only Defendant who participated in that conference.

3. Counsel who had been assisting the McLaughlin Defendants disclosed a conflict of interest, and the McLaughlin Defendants are currently unrepresented. We are actively seeking Colorado counsel.

4. Neither I nor Angela McLaughlin agreed, authorized anyone else to agree on our behalf, or otherwise consented to produce Affidavits of Financial Condition or Personal Financial Statements by April 23, 2026 or on any other date.

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 23, 2026.

/s/ Dennis McLaughlin
**Dennis McLaughlin**

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2026, a true and correct copy of the foregoing **Emergency Motion for Protective Order**, together with the Declaration of Dennis McLaughlin, was filed electronically via the Court's CM/ECF system, which will serve the following parties of record and, where applicable, was also served by electronic mail:

**Counsel for Plaintiff:**

Patrick Q. Hustead, Esq.
Jeffrey A. Hegewald, Esq.
Jason J. Patel, Esq.
The Hustead Law Firm
4643 S. Ulster Street, Suite 1250
Denver, CO 80237
jah@hlf.com

**Pro Se Co-Defendants:**

Christopher Chambers
Rhonda Chambers
2523 Meadow Brook Drive
Norman, OK 73072

/s/ Dennis McLaughlin
**Dennis McLaughlin**
*Defendant, Pro Se*