**EXHIBIT 5**

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Civil Action No. 25-cv-03123-KAS

UNITED CASUALTY & SURETY INSURANCE COMPANY,

Plaintiff,

v.

RAVENWOOD ENERGY PARTNERS, LP,
DENNIS MCLAUGHLIN,
ANGELA MCLAUGHLIN,
CHRISTOPHER CHAMBERS, and
RHONDA CHAMBERS,

Defendants.

---

**AFFIDAVIT OF ELIZABETH STRAUSHEIM**

---

I, Elizabeth Strausheim, having been duly sworn, state as follows:

1. I am a Surety Claims Manager for Plaintiff, United Casualty & Surety Insurance Company ("UCS"), and I make this affidavit in support of UCS's Verified Motion for Entry of Default Judgment against Defendant Ravenwood Energy Partners, LP ("Ravenwood") based upon my personal knowledge, and further state that the facts set forth herein are true and correct to my best knowledge and belief.

2. As UCS's authorized representative, I am primarily responsible for the day-to-day claim handling of this matter, and I am familiar with the details associated therewith and with the amount of losses UCS has incurred in this matter.

3. UCS, as Surety, issued the following Performance Bonds ("Bonds"), on behalf of

Omimex Petroleum, Inc. ("Omimex"), as principal:

| Date of Bond | Bond Number | Bond Amount |
|---|---|---|
| August 5, 2021 | UCSX423X1393 | $25,000.00 |
| August 5, 2021 | UCSX423X1423 | $100,000.00 |
| August 5, 2021 | UCSX423X1392 | $50,000.00 |
| August 5, 2021 | UCSX423X1455 | $30,000.00 |
| | TOTAL | $205,000.00 |

4. As consideration for UCS's execution of the Bonds and other consideration, on or about July 22, 2021, Ravenwood executed a General Indemnity Agreement ("GIA") in favor of UCS. [Doc. 1-2].

5. According to the GIA, Ravenwood would be deemed to be in default under the GIA if:

> (a) Principal breaches, abandons or repudiates any Contract; (b) Any obligee of any Bond declares Principal to be in default of any bonded Contract; (c) Principal fails to pay in full for any labor or materials in connection with any Contract when such payment is due; (d) Principal or any Indemnitor breaches any provision of this Agreement; (e) Principal or any Indemnitor becomes the subject of any agreement or proceedings of composition, insolvency, bankruptcy, receivership, trusteeship, or assignment of creditors; (f) Principal or any Indemnitor becomes insolvent under any test for insolvency recognized by any state or federal court or statute; or (g) Principal (if an individual), or the owner of more than 30% of the ownership interests in Principal (if an entity) dies, is adjudged mentally incompetent, convicted of a felony, becomes a fugitive from justice or disappears and cannot be located with reasonable methods.

6. August 1, 2024, Colorado Energy & Carbon Management Commission (the "Commission") submitted a claim on the Bond, alleging that Ravenwood had failed to pay the Commission at least $205,000.00 for construction services rendered.

7. Ravenwood agreed to pay UCS for all losses, costs or expenses including attorneys'

fees incurred by reason of having executed the Bonds. Additionally, Ravenwood agreed to pay an amount sufficient to resolve any claims made against UCS on the Bonds.

8. Additionally, the GIA includes an assignment provision that states as follows:

> ASSIGNMENT. As security for their obligations under this Agreement, the Undersigned hereby assign, transfer, pledge and convey to Surety (effective as of the date of issuance of any Bond, but only in the event of Default referred to in Section 5 above) all of their rights in the following: (a) All subcontracts let in connection therewith and surety bonds or guarantees issued on behalf of such subcontractors; (b) All machinery, plant equipment, or tools which shall be upon the site or sites of the work or elsewhere for the purpose of any Contract, including all material ordered for any Contract; (c) Any and all sums due or which may at any time become due under any Contract; (d) All rights arising out of all insurance policies, notes, accounts receivable and general intangibles.

9. The terms of the GIA have not been modified.

10. In light of the default and the Commission's claim under the Bonds, UCS conducted a detailed investigation into the Commission's claim and Ravenwood's defenses thereto and ultimately determined that a potential for liability existed for losses and/or fees, costs and expenses.

11. On June 17, 2025, UCS issued payment to the Commission for $205,000.00 in satisfaction of the Commission's claim under the Bonds.

12. On July 31, 2025, formal notice and demand was made on behalf of UCS to Ravenwood regarding its duties to defend and indemnify UCS from and against all losses related to claims including, but not limited to, bond payments, costs, and attorneys' fees.

13. Despite the July 31, 2025, letter and other demands, UCS has not received payment from Ravenwood.

14. UCS has also incurred necessary and reasonable attorneys' fees and costs in

pursuing indemnity from Defendants pursuant to the GIA on account of the Bonds in the amount of $43,179.97.

15. Pursuant to the GIA, Ravenwood is jointly and severally liable to UCS for the full amount of its losses on account of executing the Bonds. [Doc 1-2, ¶ 2].

16. Ravenwood is indebted to UCS in the following amounts, to wit:

| | | |
|---|---|---|
| a. | Bond Payments | $205,000.00 |
| b. | Attorneys' Fees | $40,991.50 |
| c. | Costs | $2,188.47 |
| **Total** | | **$248,179.97** |

17. All of UCS's losses to date arise from its execution of the Bond on behalf of Omimex.

18. All of UCS's losses were caused by Ravenwood's failure to perform its obligations under the bonded contract and/or Ravenwood's failure to comply with the terms of the GIA.

19. All of UCS's losses, including those relating to attorney fees and costs, were reasonable and necessary under the circumstances, and all payments made by UCS were done in good faith.

20. UCS substantially performed all of its obligations to Ravenwood under the GIA and/or Bonds.

FURTHER AFFIANT SAYETH NAUGHT

[Signature and Notarization Follows]

STATE OF Massachusetts )
)
COUNTY OF Suffolk )

FURTHER AFFIANT SAYETH NAUGHT.

[signature]
Elizabeth Strausheim
Surety Claims Specialist

SUBSCRIBED AND SWORN to before me on this 28 day of April, 2026, by Elizabeth Strausheim.

Witness my hand and official seal.

My commission expires: 10/27/2028

[signature]
Notary Public

COLLEEN A. COCHRANE
Notary Public, Commonwealth of Massachusetts
My Commission Expires 10/27/2028