**EXHIBIT 7**

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 25-cv-03123-KAS

UNITED CASUALTY & SURETY INSURANCE COMPANY,

Plaintiff,

v.

RAVENWOOD ENERGY PARTNERS, LP,
DENNIS MCLAUGHLIN,
ANGELA MCLAUGHLIN,
CHRISTOPHER CHAMBERS, and
RHONDA CHAMBERS,

Defendants.

---

**AFFIDAVIT OF PATRICK Q. HUSTEAD, ESQ.**

---

I, Patrick Q. Hustead, Esq., having been duly sworn, state as follows:

1. I am an attorney representing United Casualty & Surety Insurance Company ("UCS") in this action, and I make this Affidavit in support of Plaintiff's Motion for Default Judgment ("Motion") against Defendant Ravenwood Energy Partners, LP ("Ravenwood").

2. I am a shareholder of the Hustead Law Firm, A Professional Corporation, a 13-attorney, boutique law firm.

3. I am admitted to practice law in Colorado, Nebraska, North Dakota, South Dakota, Wyoming, and Montana.

4. The primary focus of my practice is complex litigation, with a specialty in surety, fidelity, and insurance related litigation of all kinds, from bond default and indemnity actions (such

as this one), insurance bad faith, injury cases, and complex construction disputes. I have also been involved in numerous other commercial disputes.

5. I and the other attorneys at The Hustead Law Firm, A Professional Corporation, handle surety claims such as this one on a regular and routine basis. I have been involved in scores of surety cases similar to the above-captioned matter.

6. On July 31, 2025, UCS provided Ravenwood with formal notice and demand regarding its duty to defend and indemnify UCS from and against all losses related to claims against the Bonds.

7. Despite UCS's demand and the GIA's clear language obligating them to post collateral with UCS, Ravenwood continually failed and refused to indemnify and collateralize UCS.

8. On October 3, 2025, UCS filed its Complaint Jury Demand against Ravenwood to recover all losses, expenses, costs and attorneys' fees, plus pre- and post-judgment interest, incurred by Surety as a result of Ravenwood's refusal to indemnify and collateralize UCS.

9. In conformance with D.C.Colo.L.Civ.R 55.1, I declare under penalty of perjury, that after a review of all publicly available and a diligent search of online records: Ravenwood is an entity and not military service members, minors, or incompetent persons within the meaning of The Servicemembers Civil Relief Act (formerly The Soldiers' and Sailors' Civil Relief Act of 1940).

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to UCS's claim occurred in Colorado.

11. Since our firm's retention, UCS has incurred at least $40,991.50 in legal fees and $2,188.47 in costs from The Hustead Law Firm through January 31, 2026. *See* Redacted Invoices (for privilege) attached to the Motion as **Exhibit 6** and incorporated by reference herein.

12. Having been involved in a number of surety cases comparable to the one at hand, I have worked with a multitude of sureties, bond principals, and insurance carriers. As such, I am experienced in the hourly rates that are generally acceptable to clients in the surety arena and the rates charged in Colorado and surrounding region for similar legal services in comparable surety disputes.

13. Additionally, I and other attorneys at The Hustead Law Firm, *A Professional Corporation*, have served as co-counsel with other regional firms, and I am familiar with typical rates for counsel in the surety and insurance fields. As a result, I am also familiar with the fact that hourly rates charged by my firm are comparable to the rates charged by other firms for such matters, and in many instances, are a fraction of the rates charged by most commercial firms.

14. Moreover, The Hustead Law Firm, *A Professional Corporation,* along with other firms throughout the Rocky Mountain West, serves as panel counsel for numerous sureties. As such, I am personally aware of the hourly rates afforded for representation of these companies by panel counsel.

15. Based on all of the above, The Hustead Law Firm, *A Professional Corporation's,* hourly rates for the present surety matter are set in accordance with those customarily charged in Colorado for the same or similar legal services. In the present case, The Hustead Law Firm, *A Professional Corporation's* customary billing rate was $315 per hour for partners, $295 per hour for associates, $285 per hour for junior associates, and $185 per hour for paralegals.

16. As set forth herein and in the pleadings in this matter, this matter was complicated on several fronts. Surety law is a distinct area of law not regularly practiced by many firms.

17. I have personally reviewed all the tasks performed in connection with the request for at least $40,991.50 in legal fees and $2,188.47 in costs through January 31, 2026.

18. I have considered the Colorado Rules of Professional Conduct Rule 1.5 which lists factors for determining reasonableness of a fee including: (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.

19. Based on all of the above, the rates are reasonable and well within the range of those typically charged by attorneys in Colorado for surety litigation. Additionally, all of the tasks performed were reasonable, appropriate, and necessary.[1]

FURTHER AFFIANT SAYETH NAUGHT.

[Signature and Notarization Follows]

---

[1] The Surety reserves the right to file a motion to amend the judgment to include the full amount of Surety's losses plus interest, as Surety's fees and costs are ongoing.

STATE OF COLORADO )

COUNTY OF DENVER )

Patrick Q. Hustead, Esq.

SUBSCRIBED AND SWORN to before me on this 29th day of April, 2026, by Patrick Q. Hustead, Esq.

Witness my hand and official seal.

My commission expires: 12/31/2029

Notary Public

SHANNON LYNN WILLOW
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20214037638
MY COMMISSION EXPIRES 12/31/2029