IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03123-KAS

UNITED CASUALTY & SURETY INSURANCE COMPANY,

Plaintiff,

v.

RAVENWOOD ENERGY PARTNERS, LP,
DENNIS MCLAUGHLIN,
ANGELA MCLAUGHLIN,
CHRISTOPHER CHAMBERS, and
RHONDA CHAMBERS,

Defendants.

---

**MINUTE ORDER**

---

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on the McLaughlin Defendants' **Emergency Motion for Protective Order Pursuant to Fed. R. Civ. P. 25(c)** [#41] (the "Motion"). The McLaughlin Defendants move for emergency relief from this Court's April 23, 2026, deadline to provide affidavits of their financial condition and personal financial statements. The Motion [#41] is flawed in several respects.

First, the McLaughlin Defendants made no attempt to comply with their duty-to-confer obligation pursuant to D.C.COLO.LCivR 7.1(a) before filing the Motion [#41]. This failure, alone, is grounds to deny the Motion [#41].

Second, the McLaughlin Defendants assert that they should not be forced to disclose their financial information because they "did not participate in the Rule 26(f) conference at which this proposed obligation was negotiated." *Motion* [#41] at 2. The argument is not well taken given the McLaughlin Defendants' complete and utter disregard for all case deadlines and this Court's orders thus far. **The Court will not tolerate the McLaughlin Defendants' efforts to use their lack of meaningful participation in this case as a shield from their obligations.**

Third, the McLaughlin Defendants argue that no stipulated protective order has entered in this case. They do not, however, explain any efforts they have made to meaningfully confer with opposing counsel to submit a proposed protective order for the Court's review.

Fourth, the McLaughlin Defendants assert that formal discovery has not yet begun and that their "bankruptcy-stay defenses" remains unresolved. If the McLaughlin Defendants had appeared at the April 9, 2026 Scheduling Conference as this Court explicitly ordered, *see Minute Order* [#32], they would know that formal discovery *very much* has begun in this case, and that the Court rejected the rationale behind their "bankruptcy-stay defense." The Court's ruling is reflected in the Courtroom Minutes from that proceeding, *see* [#34]. The docket entry for those Courtroom Minutes [#34] reflects that they were mailed to Ms. McLaughlin at 549 Wright Road, Clarksdale, Mississippi 38614, and to Mr. McLaughlin at 2701 East Rock Creed Road, Norman, Oklahoma 73071. Neither mailing was returned to the Court as undeliverable.

To the extent that the McLaughlin Defendants assert that they are pro se and require a reasonable opportunity to retain counsel, the argument is, again, not well taken. The McLaughlins have been on notice of this case **since October 2025**. *See Executed Summonses* [#8, #11]. Their lack of diligence in retaining counsel thus far is no excuse to subvert their discovery obligations. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#41] is **DENIED**. The McLaughlin Defendants shall provide affidavits of their financial condition and personal financial statements no later than **May 26, 2026**. The McLaughlin Defendants' deadline to respond to the Court's Order to Show Cause [#40] and to file appropriate Amended Answers remains **May 15, 2026**.

Dated: May 12, 2026