**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-03123-KAS

UNITED CASUALTY & SURETY INSURANCE COMPANY,

Plaintiff,

vs.

RAVENWOOD ENERGY PARTNERS, LP,
DENNIS MCLAUGHLIN,
ANGELA MCLAUGHLIN,
CHRISTOPHER CHAMBERS, and
RHONDA CHAMBERS.

Defendants.

---

# AMENDED ANSWER FOR DEFENDANTS' RAVENWOOD ENERGY PARTNERS, LP, DENNIS MCLAUGHLIN, CHRISTOPHER CHAMBERS AND RHONDA CHAMBERS

---

Defendants Ravenwood Energy Partners, LP, Dennis McLaughlin, Christopher Chambers and Rhonda Chambers (collectively, the "Defendants"), by and through their counsel, Frascona, Joiner, Goodman & Greenstein, P.C., hereby submit this Amended Answer as follows:

## PARTIES

1. Admit.
2. Denied.
3. Admit.
4. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 4 and therefore, deny the same.
5. Admit.
6. Admit.

## JURISDICTION AND VENUE

7. Defendants incorporate all responses set forth above as though set forth herein.

8. Admit.

9. Admit.

10. Admit.

## GENERAL ALLEGATIONS

11. Defendants incorporate all responses set forth above as though set forth herein.

12. Defendants admit that the Plaintiff executed the Bonds, which speak for themselves. All other allegations set forth in paragraph 12 are denied.

13. The Bonds speak for themselves. All other allegations set forth in paragraph 13 are denied.

14. Paragraph 14 sets forth a legal conclusion to which no response is required.

15. Denied.

16. Paragraph 16 of the Complaint set forth legal conclusions to which no response is required and the Bonds speak for themselves. The Defendants deny the remainder of the allegations set forth in paragraph 16 of the Complaint.

17. Denied.

18. Defendants admit that the GIA was executed. The GIA speaks for itself. The Defendants deny the remainder of the allegations set forth in paragraph 18 of the Complaint.

19. The GIA speaks for itself.

20. The GIA speaks for itself.

21. The GIA speaks for itself and Defendants deny the remainder of the allegations set forth in paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint sets forth a legal conclusion to which no response is required. The Defendants deny the remainder of the allegations set forth in paragraph 22 of the Complaint.

23. Denied.

24. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 24 of the Complaint and therefore, deny the same.

25. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 25 of the Complaint and therefore, deny the same.

26. Denied.

27. The Demand Letter speaks for itself.

28. The Demand Letter speaks for itself.

29. Denied.

30. Denied.

31. Denied.

**FIRST CLAIM FOR RELIEF**
(Breach of Contract)

32. Defendants incorporate all responses set forth above as though set forth herein.

33. Paragraph 33 sets forth a legal conclusion to which no response is required. To the extent a response is required, the Defendants deny the same.

34. Paragraph 34 sets forth a legal conclusion to which no response is required. To the extent a response is required, the Defendants deny the same.

35. Paragraph 35 sets forth a legal conclusion to which no response is required. To the extent a response is required, the Defendants deny the same.

36. Paragraph 36 sets forth a legal conclusion to which no response is required. To the extent a response is required, the Defendants deny the same.

37. Denied.

## SECOND CLAIM FOR RELIEF
(Unjust Enrichment)

38. Defendants incorporate all responses set forth above as though set forth herein.

39. Paragraph 39 sets forth a legal conclusion to which no response is required. To the extent a response is required, the Defendants deny the same.

40. Denied.

41. Denied.

42. Paragraph 42 sets forth a legal conclusion to which no response is required. To the extent a response is required, the Defendants deny the same.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims fail to state a claim upon which relief may be granted.

2. Plaintiff's claims may be barred by the doctrines of waiver, estoppel, acquiescence, laches, novation, acceptance, and/or the economic loss rule.
3. Plaintiff's alleged damages must be reduced by any payments received from any collateral sources, C.R.S. §13-21-111.6.
4. The Plaintiff's claimed damages or losses, if any, were not proximately caused by any alleged breach of any purported obligation that the Defendants owed to the Plaintiff.
5. There were no instruments or circumstances that imposed upon the Defendants any express or implied contractual duty to the Plaintiffs; accordingly, the Plaintiff's claimed damages or losses, if any, were not the result of any alleged breach of any contractual duty that the Defendants purportedly owed to the Plaintiff.
6. Plaintiff's claims are barred or reduced by their failure to mitigate their damages, if any.
7. The Plaintiff's claimed damages or losses, if any, were the result of the conduct of third parties over whom the Defendants had no control or right to control.
8. All past, present, or future parties to this action are designated as non-parties whose liability may be considered at trial, regardless of whether the parties are dismissed from this case hereafter, for any reason and by any means.
9. The Defendants incorporate into these Affirmative Defenses every affirmative defense asserted in this action by any other party, except for any admissions or statements that could in any way be construed as against the Defendants' interest.
10. Defendants reserve the right to assert additional affirmative defenses.

11. Defendants reserve the right to amend their pleading pursuant to applicable rules and incorporate affirmative defenses plead by other defendants that are not against these Defendants.

Dated: May 15, 2026.

Respectfully submitted,
Frascona, Joiner, Goodman and Greenstein, P.C.

*/s/ Andrew B. Pipes*

Andrew B. Pipes, CO #53233
4750 Table Mesa Drive
Boulder, CO 80305-5541
(303) 494-3000
*Counsel for Defendants Ravenwood Energy Partners, LP; Dennis McLaughlin; Christopher Chambers; and Rhonda Chambers*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was provided to the persons herein next designated by E-service via PACER on May 15, 2026.

Patrick Q. Hustead,
Jeffrey A. Hegewald,
Jason J. Patel,
The Hustead Law Firm
4643 S. Ulster Street, Suite 1250
Denver, CO 80237
(303) 721-5000
pqh@thlf.com
jah@thlf.com
jjp@thlf.com
*Counsel for Plaintiff*

Angela McLaughlin
549 Wright Road
Clarksdale, MS 38614
*Pro Se Defendant*

*/s/ Andrew B. Pipes*
Andrew B. Pipes, Esq.