**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 25-cv-03123-KAS

UNITED CASUALTY & SURETY INSURANCE COMPANY,

Plaintiff,

v.

RAVENWOOD ENERGY PARTNERS, LP,
DENNIS MCLAUGHLIN,
ANGELA MCLAUGHLIN,
CHRISTOPHER CHAMBERS, and
RHONDA CHAMBERS,

Defendants.

---

**UNITED CASUALTY & SURETY INSURANCE COMPANY'S MOTION TO COMPEL**

---

Plaintiff, United Casualty & Surety Insurance Company ("UCS"), through its undersigned counsel, The Hustead Law Firm, *A Professional Corporation*, and pursuant to F.R.C.P. 16 and 37, hereby moves: 1) to compel Defendants Dennis McLaughlin ("Mr. McLaughlin") and Angela McLaughlin ("Mrs. McLaughlin," and together with Mr. McLaughlin, the "McLaughlins") to produce Affidavits of Financial Condition and Personal Financial Statements; and 2) for sanctions for failure to obey the Scheduling Order and the Court's May 12, 2026 Order [ECF No. 43]. In support thereof, UCS states as follows:

**<u>CERTIFICATION OF CONFERRAL</u>**

UCS's undersigned counsel certifies that he has been unable to confer with Mrs. McLaughlin regarding this dispute because she has not provided any contact information to UCS's

counsel. UCS's undersigned counsel certifies that he has conferred with Mr. McLaughin's counsel regarding this dispute. Mr. McLaughlin, however, has refused to comply with the Scheduling Order and the Court's May 12, 2026, Order [ECF No. 43], both of which required Mr. McLaughlin to provide Affidavits of Financial Condition and Personal Financial Statements to UCS.

## I. INTRODUCTION

The Court has ordered the McLaughlins to provide the UCS with Affidavits of Financial Condition and Personal Finance Statements on multiple occasions. To date, the McLaughlins have refused to comply with the Court's express orders despite previous admonishments from the Court. Accordingly, UCS respectfully requests that the Court: 1) compel the McLaughlins to produce Affidavits of Financial Condition and Personal Financial Statements; 2) enter default judgments against the McLaughlins; and 3) enter sanctions against the McLaughlins for, including but not limited to, UCS's attorneys' fees and costs associated with this motion.

## II. PROCEDURAL BACKGROUND

The original Scheduling Conference was set for March 26, 2026, and was reset to April 9, 2026, because the McLaughlins failed to appear. [ECF No. 33]; [ECF No. 32]. As a result of the McLaughlins' failure to appear at the March 26, 2026, Scheduling Conference, the Court ordered that all Defendants appear at the April 9, 2026, Scheduling Conference. [ECF No. 32]. The McLaughlins again failed to appear at the April 9, 2026, Scheduling Conference.

Following the April 9, 2026, Scheduling Conference, the Court entered the Scheduling Order in this case. [ECF No. 35]. The Scheduling Order expressly ordered, in no uncertain terms, that the "Defendants' deadline to provide affidavits of financial condition and personal financial statements is April 23, 2026." [ECF No. 35 at p. 7].

On April 15, 2026, the Court ordered the McLaughlins to show cause, no later than May 15, 2026, as to why the Court should not "(1) recommend that default and default judgment be entered against [the McLaughlins] based on their failure to comply with this Court's orders, and (2) recommend they pay [UCS'] reasonable expenses incurred due to their non-compliance." [ECF No. 40]. On April 23, 2026 (the deadline to provide the Financials), the McLaughlins filed an Emergency Motion for Protective Order. [ECF No. 41].

On May 12, 2026, the Court denied the McLaughlins' Emergency Motion for Protective Order. [ECF No. 43]. Specifically, the Court noted that the McLaughlins made no attempt to comply with their duty to confer with UCS's counsel in accordance with D.C.COLO.LCivR 7.1(a) before filing the motion. *Id.* The McLaughlins' lack of participation in the Rule 26(f) conference was not well taken, and the Court held that it would "**not tolerate the** [**McLaughlins'**] **efforts to use their lack of meaningful participation in this case as a shield from their obligations.**" *Id.* (emphasis in original).

The McLaughlins further failed to detail any efforts they made to confer with UCS's counsel to submit a proposed protective order. *Id.* Te McLaughlins' assertion that formal discovery had not yet begun was blatantly incorrect and their "bankruptcy-stay defenses" had been rejected by the Court. *Id.* Thus, the Court rejected the McLaughlins' assertion that they needed additional time to seek counsel as pro se defendants because "[they] have been on notice of this case **since October 2025.**" *Id.* (emphasis in original). The Court denied the McLaughlins' Emergency Motion for Protective Order and ordered that they provide the Financials no later than May 26, 2026. *Id.*

On May 14, 2026, Mr. McLaughlin retained Andrew Pipes with Frascona, Joiner, Goodman and Greenstein, P.C. [ECF No. 44].[1] Despite securing legal counsel, Mr. McLaughlin failed to provide the Financials by the Court's May 26, 2026, deadline.

On May 28, 2026, UCS's counsel conferred with Mr. McLaughlin's counsel and requested that the Financials be provided by June 1, 2026. *See* **Exhibit 1**, correspondence Between J. Patel, J. Hegewald, and A. Pipes. To date, Mr. McLaughlin has refused to provide the Financials Ordered by the Court. Likewise, Mrs. McLaughlin has also refused to comply with the Court's Orders and provide the Financials to UCS. Accordingly, UCS respectfully requests that the Court: 1) compel the McLaughlins to produce Affidavits of Financial Condition and Personal Financial Statements; and 2) enter sanctions against the McLaughlins for, including but not limited to, UCS's attorneys' fees and costs associated with this motion.

## III. ARGUMENT

### A. Legal Standard

F.R.C.P. 16 authorizes a court to issue any just orders if a party or its attorney fails to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1)(C). "[A] 'Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded . . . without peril.'" *Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co.*, 300 F.R.D. 678, 681 (D. Colo. 2014) (quoting *Washington v. Arapahoe Cnty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000)). Under Rule 16, a court, instead of or in addition to any other sanction, must also order the party, its attorney, or both to pay reasonable expenses incurred because of the party's

[1] Mr. Pipes also entered his appearance on behalf of Defendants Ravenwood Energy Partners, LP, Christopher Chambers, and Rhonda Chambers. Mrs. McLaughlin remains unrepresented.

noncompliance, including attorney's fees, unless noncompliance was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 16(f)(2).

Similarly, F.R.C.P. 37 authorizes a court to impose sanctions on a party for failing to obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Under Rule 37, a court, instead of or in addition to the sanctions under 37(b)(2)(A)(i)-(vii), must order the disobedient party, the attorney advising that party, or both to pay reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(2)(C).

**B. Sanctions Against the McLaughlins Are Appropriate.**

Despite the Court's Orders, the McLaughlins have failed to disclose the Financials by the deadlines set by this Court. First, they missed the April 23, 2026, deadline contained in the Scheduling Order. [ECF No. 35]. Then, they missed the May 26, 2026, deadline ordered by the Court on May 12, 2026. [ECF No. 43]. The Court thus has discretion to compel the McLaughlins to comply with the prior Court Orders and to impose sanctions under Rule 16 and Rule 37. Fed R. Civ. P. 16(f)(1)(C); Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

Further, the McLaughlins failed to appear at the Scheduling Conference, giving this Court further authority to impose sanctions under Rule 16. Fed. R. Civ. P. 16(f)(1)(A). "*Pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law . . . ." *AB Invs., LLC v. Gelbard*, 2012 WL 71757, *6 (D. Colo. Jan. 9, 2012) (citing *McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994)). Under these circumstances, sanctions are appropriate.

**1. The McLaughlins failed to comply with the Court's Orders.**

A formal motion to compel need not always precede sanctions under Rule 37(b). *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 729 F.2d 469, 470 (7th Cir. 1984). "[W]here a party has received adequate notice that certain discovery proceedings are to occur by a specific date, and that party fails to comply, a court may impose sanctions without a formal motion to compel the discovery from the opposing party." *Id.*; *see also Props. Int'l, Ltd. v. Turner*, 706 F.2d 308, 310 (11th Cir. 1983) (holding there is "no requirement that the opposing party move for [the Rule 37(b)] order."); *Charter House Ins. Brokers v. New Hampshire Ins.*, 667 F.2d 600, 604 (7th Cir. 1981) (stating that an attorney's promise in open court to produce certain documents "could be treated as the equivalent of an order" for Rule 37(b) purposes); *Jones v. Uris Sales Corp.*, 373 F.2d 644, 646-47 (2d. Cir. 1967) (proceedings in judge's chambers, where judge announce that he would give counsel twenty-four hours to produce subpoenaed documents were treated as an oral motion and order).

The McLaughlins have received ample notice on multiple occasions that they were required to provide UCS with the Financials. [ECF No. 35]; [ECF No. 43]. The McLaughlins, however, have failed to do so as of the date of this Motion. Their failure to comply with the Court's express Orders gives this Court the authority to impose sanctions under Rule 37. Fed. R. Civ. P. 37(b)(2)(A).

A trial court has broad discretion to issue sanctions as it sees fit under Rule 37 and the enumerated sanctions included in the rule are not exclusive. *See State of Ohio v. Crofters, Inc.*, 75 F.R.D. 12, 20 (D. Colo. 1977); Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). The McLaughlins' blatant disregard for this Court's Orders warrants entry of a default judgment. Before a court may impose default or dismissal as a sanction, it must consider a number of factors. *See Ehrenhaus v. Reynolds*,

965 F.2d 916, 921 (10th Cir. 1992); *Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1160 (10th Cir. 2013). These include: (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus*, 965 F.2d at 921 (citations omitted). This is not a rigid test, and a court may consider additional factors if it sees fit. *Id*.

First, the McLaughlins have prejudiced UCS and their co-defendants by impeding the parties' ability to move this case toward resolution. Second, the McLaughlins' impediments have interfered with the judicial process, as they have prevented the discovery of important information that may lead to settlement. Third, the McLaughlins are culpable, as their failure to comply with this Court's orders is intentional, similar to the culpability that the *Erhenhaus* court found to be "in bad faith and willful and intentional . . . ." *Id*. As to the fourth factor, this Court previously warned the McLaughlins to show cause as to why an entry of default and default judgment, alongside other sanctions, should not be entered against them for their failure to attend the Scheduling Conference. [ECF No. 40].

The McLaughlins should have understood that continued noncompliance with this Court's orders could result in similar sanctions. *See Klein-Becker*, 711 F.3d at 1160 (finding no abuse of discretion in the district court's reasoning that prior warnings from the magistrate judge placed the noncompliant party on notice that "[non-compliant party] would be culpable for any future violations and that [non-complaint party's] actions prejudiced [other party] and interfered with the judicial process"); *see also United States v. Porath*, 2012 WL 12858706, *3-4 (D. N.M. July 12, 2012), *report and recommendation adopted*, 2012 WL 12862329 (D. N.M. Aug. 2, 2012), *aff'd*, 553 F. App'x 802 (10th Cir. 2014) (stating that a party is put on notice of the possibly of default

judgment when the court had indicated that failure to attend a Rule 16 conference could result in an entry of a default judgment). As to the final factor, lesser sanctions may not be effective at encouraging the McLaughlins to comply with future Court Orders given that their prior behavior has indicated a noticeable disregard for this Court's authority. Accordingly, an entry of default judgment is not too severe of a sanction under the circumstances.

Further, Rule 37 requires a court, instead of or in addition to any other sanction, to order the party, its attorney, or both to pay the reasonable expenses, including attorney's fees, incurred because of noncompliance. Fed. R. Civ. P. 37(b)(2)(C). These fees may be awarded starting from the first time a court orders a party to comply. *See S.E.C. v. Blinder, Robinson & Co.*, 126 F.R.D. 61, 63 (D. Colo. 1989). UCS has incurred fees in its pursuit of the McLaughlins' Financials. Accordingly, the McLaughlins are liable for these costs, in addition to any other sanctions this Court deems fit to impose under the circumstances.

A court may choose not to impose such sanctions if a party's noncompliance is deemed substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(2)(C). The McLaughlin's noncompliance is completely unjustified and has only worked to delay this case. Accordingly, the McLaughlins' failure to comply with the Court's Order provides this Court the authority to impose sanctions under Rule 37. Fed. R. Civ. P. 37(b)(2)(A).

**2. The McLaughlins failed to comply with the Scheduling Order**

"The purpose of the Initial Scheduling Conference and Order is to streamline litigation and reduce the cost and delay that is so frequently a part of federal court litigation." *Freiria Trading Co. v. Maizoro S.A. de C.V.*, 187 F.R.D. 47, 49 (D. P.R. 1999). The McLaughlins' Financials may aid UCS in evaluating the potential for settlement. [ECF No. 35]. Further, the General Indemnity Agreement executed by the McLaughlins expressly requires them to provide UCS with access to

the McLaughlins' (and the other signatories) "books, records and accounts […] financial statements, bank and other financial holdings records, and federal and state tax returns." *See* General Indemnity Agreement attached as **Exhibit 2** at ¶ 8. UCS seeks the Financials as a means of evaluating the prospect of settlement, which could lessen the costs of litigation. The McLaughlins' non-compliance with the deadlines set by this Court have caused UCS to incur additional costs on its mission to potentially avoid them. *See Id*.

Further, Rule 16 requires a court, instead of or in addition to any other sanction, to order the party, its attorney, or both to pay the reasonable expenses, including attorney's fees, incurred because of noncompliance. Fed. R. Civ. P. 16(f)(2). The intent of Rule 16(f) is "to give courts very broad discretion to use sanctions where necessary to insure not only that lawyers and parties refrain from contumacious behavior . . . but that they fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Matter of Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984). The McLaughlins contumacious behavior has hindered the progress of this case.

A court may choose not to impose such sanctions if a party's noncompliance is deemed substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 16(f)(2). As discussed above, the McLaughlins' failure to provide the Financials in violation of the Scheduling Order and the Court's other Orders has been both willful and in bad faith. Accordingly, sanctions against the McLaughlins are appropriate, including the entry of default judgments against them, and UCS's attorneys' fees and costs in bringing this motion and in pursuing the McLaughlins' compliance with the Court's Orders.

## III. CONCLUSION

For the foregoing reasons, UCS respectfully requests that the Court: 1) grant this Motion to Compel; 2) compel the McLaughlins to produce Affidavits of Financial Condition and Personal Financial Statements; 3) enter default judgments against the McLaughlins; and 4) enter sanctions against the McLaughlins for, including but not limited to, UCS's attorneys' fees and costs associated with this motion.

Respectfully submitted this 14th day of July 2026.

The Hustead Law Firm
*A Professional Corporation*

*The Original Signature is on File at The Hustead Law Firm, A Professional Corporation*

*s/ Jason J. Patel*
Patrick Q. Hustead, Esq.
Jeffrey A. Hegewald, Esq.
Jason J. Patel, Esq.
The Hustead Law Firm, *A Professional Corporation*
4643 S. Ulster Street, Suite 1250
Denver, CO 80237
Ph. (303) 721-5000
pqh@thlf.com
jah@thlf.com
jjp@thlf.com
*Attorneys for Plaintiff United Casualty & Surety Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of July 2026, a true and correct copy of the foregoing **UNITED CASUALTY & SURETY INSURANCE COMPANY'S MOTION TO COMPEL** was electronically filed and served via USDC e-filing and/or e-mail, and addressed to the following:

Andrew B. Pipes, Esq.
Frascona, Joiner, Goodman and Greenstein, P.C.
4750 Table Mesa Drive
Boulder, Colorado 80305-5541
andrew@frascona.com
*Attorney for Ravenwood Energy Partners, LP, Dennis McLauglin, Christopher Chambers, and Rhonda Chambers*

Angela McLaughlin
549 Wright Road
Clarksdale, MS 38614
*Pro Se*

*Original Signature is on File at The Hustead Law Firm, A Professional Corporation*

*S/ Jason J. Patel*
Jason J. Patel, Esq.