IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03123-KAS

UNITED CASUALTY & SURETY INSURANCE COMPANY,

Plaintiff,

v.

RAVENWOOD ENERGY PARTNERS, LP,
DENNIS MCLAUGHLIN,
ANGELA MCLAUGHLIN,
CHRISTOPHER CHAMBERS, and
RHONDA CHAMBERS,

Defendants.

---

**ORDER**

---

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court sua sponte. After holding yet another hearing in this matter at which the Defendants failed to appear, the Court orders as follows.

**A. Order to Show Cause**

On April 15, 2026, the Court ordered the McLaughlin Defendants to show cause why the Court should not sanction them for, among other things, failing to meaningfully participate in this litigation. *Order to Show Cause* [#40] at 4. The Court further ordered them to file amended Answers that contained enumerated responses that either admitted, denied, or stated that they have insufficient information as to each allegation in the Complaint [#1]. *Id.* at 5.

On May 14, 2026, attorney Andrew B. Pipes of the law firm Frascona Joiner Goodman & Greenstein PC entered an appearance on behalf of Mr. McLaughlin, as well

as Defendant Ravenwood and the Chambers Defendants, and filed an amended Answer [#45]. Finding that Mr. McLaughlin has done *just enough* to comply with the Court's Order to Show Cause [#40], the Order to Show Cause [#40] is **discharged** as to him.

Ms. McLaughlin, on the other hand, did not respond, retain counsel, or file an amended Answer by the deadline. The docket entry for the Order to Show Cause [#40] reflects that it was mailed to Ms. McLaughlin at 549 Wright Road, Clarksdale, Mississippi 38614. The mailing was not returned to the Court as undeliverable. Therefore, her failure to even minimally comply warrants sanctions. However, the Court notes that a Motion to Compel [#48] has been filed against Ms. McLaughlin based on her failure to comply with the Court's Scheduling Order [#35] and subsequent Minute Order [#43]. Because this pending Motion [#48] seeks additional sanctions against Ms. McLaughlin, the Court will **hold in abeyance** the Order to Show Cause [#40] as to Ms. McLaughlin pending the Court's adjudication of the Motion to Compel [#48], which is set for hearing on September 16, 2026, at 9:30 a.m. *Courtroom Minutes* [#50].

**B. Motion to Set Aside Clerk's Entry of Default [#46]**

Because a corporation, partnership, or other legal entity "may not appear without counsel admitted to the bar of this court," *see* D.C.COLO.LAttyR 5(b), and because no attorney appeared and timely responded to the operative Complaint [#1] on behalf of Defendant Ravenwood Energy Partners, LP, the Clerk of Court entered default as to Defendant Ravenwood on February 10, 2026. *Clerk's Entry of Default* [#26].

Upon his May 14, 2026 entry of appearance, Attorney Pipes moved to set aside the Clerk's Entry of Default as to Defendant Ravenwood. *Motion* [#46]. Reasoning that Ravenwood's principles were unaware that Ravenwood could not proceed pro se,

counsel argued that "Ravenwood's failure to respond was not willful, but rather an honest mistake by the defendants in this matter." *Motion* [#46] at 3. Counsel further states that upon learning that Ravenwood needed to be represented by counsel, "Ravenwood, and its principal defendants, engaged the undersigned, curing such defect and, effectively, getting this litigation on track." *Id.*

Fed. R. Civ. P. 55(c) permits a court to set aside an entry of default "for good cause." In determining whether a defendant has met the good cause standard, the Court may consider, among other things, whether the default was the result of culpable conduct of the defendant, whether the plaintiff would be prejudiced if the default should be set aside, and whether the defendant presents a meritorious defense. *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) (quoting *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int' l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997)). The Court retains wide discretion regarding whether to set aside a default entry; however, "the preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

Here, counsel for Ravenwood has articulated a plausible explanation for Defendant Ravenwood's failure to appear and respond in this matter. The pro se Chambers Defendants' filing at ECF No. 15 substantiates this explanation. *See Chambers Defs.' Response to Motion for Clerk's Entry of Default* [#15] at 1-2 ("Defendants are not aware of whether or not proper service of process was made on Defendant Ravenwood Energy Partners, LP. However, it remains that Plaintiff has not explained to this Court who the partners of Ravenwood Energy Partners are, nor what their citizenship is or may be. Therefore, this Court cannot have jurisdiction over this

matter until it is established that all defendants and the plaintiff have complete diversity of citizenship.”). Defendant Ravenwood has cured the deficiency by retaining counsel, appearing, and filing an appropriate responsive pleading that asserts legally cognizable defenses. Further, Plaintiff takes no position on the Motion [#46], minimizing concerns of prejudice. *See Notice* [#47]. Accordingly, it is **ordered** that the Motion [#46] is **granted**. *See Ashby v. McKenna*, 331 F.3d 1148, 1151-52 (10th Cir. 2003) (indicating appropriateness of a Magistrate Judge entering an order under 28 U.S.C. § 636(b)(1)(A) on a motion to set aside clerk’s entry of default); *Goodwin v. Hatch*, No. 16-cv-00751-CMA-KLM, 2018 WL 3454972, at *4 (D. Colo. July 18, 2018) (same). Accordingly, the Motion for Default Judgment as to Defendant Ravenwood [#42] is **denied as moot**.

However, the Court cautions Ravenwood and the other Defendants in this case that this Order should not be taken to mean that the Court views this litigation as anywhere near “on track.”

### C. Final Warning

The pending Motion to Compel [#48] filed against the McLaughlin Defendants does not exist in a vacuum. Instead, it reflects the logical next step in a greater pattern of the McLaughlin Defendants’ flagrant disrespect for this Court’s authority. *See Courtroom Minutes* [#33]; *Minute Order* [#32]; *Courtroom Minutes* [#34]; *Order to Show Cause* [#40]; *McLaughlin Defendants’ Emergency Motion for Protective Order* [#41]; *Minute Order* [#43]; *Courtroom Minutes* [#50]. The papers that the McLaughlins have filed thus far in this matter have been legally deficient, frivolous, and/or substantially unjustified. *See Answers* [#19, #20]; *Order to Show Cause* [#40]; *Emergency Motion for Protective Order*

[#41]; *Minute Order* [#43]. By this Court's count, the McLaughlin Defendants have now failed to appear at three hearings before this Court, even after being ordered to do so. *See Minute Order* [#32]; *Courtroom Minutes* [#34]. Worse, counsel for Mr. McLaughlin, since entering his appearance, has failed to respond to a pending motion and has failed to appear for a scheduled hearing. **Counsel is advised that it is never appropriate to skip case management hearings before this Court or any other tribunal.** Most concerningly, the McLaughlins appear to treat this Court's orders as mere suggestions, complying when and to the extent that it suits them.

Each decision that the McLaughlins make in this matter reflects on their litigation conduct as a whole, and in turn, on their personal culpability—a factor that this Court considers in weighing the appropriateness of discovery sanctions. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Therefore, lest there be any lingering confusion, the Court puts the McLaughlins and their counsel on notice of the following:

1. If a party fails to obey an order to provide discovery, the Court has authority to sanction that party, up to and including holding them in contempt or entering a default judgment against them. FED. R. CIV. P. 37(b)(2)(A); FED. R. CIV. P. 16(f)(1).
2. Instead of, or in addition to these sanctions, the court **must** order the disobedient party, **the attorney advising that party, or both** to pay the reasonable expenses, including attorney's fees, caused by the failure. FED. R. CIV. P. 37(b)(2)(C); FED. R. CIV. P. 16(f)(2).
3. Ms. McLaughlin is named personally in this lawsuit. Therefore, her failure to appear, participate, or comply with Court orders may result in her own personal

financial liability. **In other words, to the extent Ms. McLaughlin assumes that the participation of any other Defendant in this lawsuit is sufficient to represent her interests, she does so at her peril.**

Further, at the Court's August 6, 2026, Status Conference—which was set for the purpose of assessing the progress of discovery—counsel for Plaintiff represented that he issued written discovery requests to the Defendants on July 14, 2026. **The Court expects Defendants to respond by the presumptive 30-day deadline, confer meaningfully about any disputes, and promptly contact the undersigned's chambers for Court intervention as needed.** Failure to do so may result in further discovery sanctions, up to and including entry of default judgment against any non-compliant party.

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#40] is **DISCHARGED in part and HELD IN ABEYANCE in part.** It is **DISCHARGED** as to Mr. McLaughlin. It is **HELD IN ABEYANCE** as to Ms. McLaughlin pending the Court's adjudication of the Motion to Compel [#48].

IT IS FURTHER **ORDERED** that the Motion [#46] is **GRANTED**. The Clerk' s Entry of Default [#26] as to Defendant Ravenwood is **VACATED** pursuant to Fed. R. Civ. P. 55(c).

IT IS FURTHER **ORDERED** that the Motion for Default Judgment as to Defendant Ravenwood [#42] is **DENIED as moot**.

Dated: August 6, 2026 BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge