IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03123-SKC-KAS

UNITED CASUALTY & SURETY INSURANCE COMPANY,

Plaintiff,

v.

RAVENWOOD ENERGY PARTNERS, LP,
DENNIS MCLAUGHLIN,
ANGELA MCLAUGHLIN,
CHRISTOPHER CHAMBERS, and
RHONDA CHAMBERS,

Defendants.

---

**ORDER TO SHOW CAUSE**

---

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendant Angela McLaughlin's allegation that all documents bearing her electronic signature thus far in this matter have been forged. This allegation was originally received by the Court's staff via ex parte communication, *see Minute Order* [#57], and was later memorialized via Ms. McLaughlin's written Letter [#58], which was filed on the public docket and discussed in detail at a Status Conference held on September 2, 2026. The undersigned asked the parties whether they would like the Court to set a deadline for the filing of any motion seeking the undersigned's recusal from this matter, and all parties declined. In light of Defendant Angela McLaughlin's representation, the Court issues this Order pursuant to Rule 11(c)(3) and the Court's inherent authority to protect the integrity of the judicial process.

## A. Rule 11

Fed. R. Civ. P. 11(a) provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—**or by a party personally if the party is unrepresented**." (Emphasis added.) "Under Rule 11, the person who signs a pleading, motion or other paper filed with the court, certifies that he or she has conducted a reasonable inquiry into the factual and legal basis for the filing, and that the substance of the filing is well-grounded in fact and law." *Coffey v. Healthtrust, Inc.*, 955 F.2d 1388, 1393 (10th Cir. 1992). In this Circuit, an unrepresented litigant may not represent the interests of others. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.").

"[T]he central purpose of Rule 11 is to deter baseless filings in district court" and district courts have "broad discretion to impose Rule 11 sanctions[.]" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 407 (1990). Rule 11(c)(3) allows the Court to sanction a litigant sua sponte for violating Rule 11, provided that certain procedures are followed. Namely, the Court can "issu[e] a show cause order specifically describing the conduct implicating the rule, followed by a reasonable opportunity for the party/attorney so advised to demonstrate how [he] has not violated the rule." *Hutchinson v. Pfeil*, 208 F.3d 1180, 1184 (10th Cir. 2000); *see also Preacher v. Wiley*, No. 09-cv-00278-CMA-MEH, ECF No. 175 (D. Colo. July 23, 2009) (issuing an Order to Show Cause where a party alleged that the signatures of the joined plaintiffs on an amended complaint were not authentic and were likely forged).

**B. Defendant Dennis McLaughlin's Conduct**

There can be no doubt that the Court has many concerns with Defendant Dennis McLaughlin's litigation conduct thus far. *See Order* [#51]; *see also Courtroom Mins*. [#33, #34]; *Order to Show Cause* [#40]; *Minute Order* [#43]. The Court is now faced with the suggestion of further egregious conduct.

First, an Answer [#20] to the operative Complaint was purportedly filed by Defendant Angela McLaughlin on December 10, 2025. It was later stricken pursuant to the Court's Order to Show Cause [#40]. Nevertheless, the Answer [#20] (which the Court notes is identical to Mr. McLaughlin's Answer [#19]) bears Ms. McLaughlin's electronic signature. At the Court's September 2, 2026 Status Conference, Ms. McLaughlin offered sworn testimony that the Answer [#20] was filed without her knowledge or consent, and that her electronic signature was forged. *Courtroom Mins.* [#59] at 1.

Second, the parties' Election Concerning Consent/Non-Consent to Magistrate Judge Jurisdiction form [#30] contains Ms. McLaughlin's electronic signature. She alleges that she did not sign the document and that her signature was forged. *See Letter* [#58].

Third, Ms. McLaughlin purported to file an Emergency Motion for Protective Order [#41] jointly with Mr. McLaughlin on April 23, 2026. The Motion [#41] bears Ms. McLaughlin's electronic signature. It is supported by a Declaration signed only by Mr. McLaughlin, however. *See Motion* [#41] at 6. In that Declaration, Mr. McLaughlin stated, under penalty of perjury, that (1) the attorney who had been assisting the McLaughlin *Defendants* disclosed a conflict of interest and that the McLaughlin *Defendants* were "actively seeking Colorado counsel"; and (2) that neither he nor Ms. McLaughlin "agreed, authorized anyone else to agree on our behalf, or otherwise consented to produce" Court-

ordered discovery in this matter. *Id.* Ms. McLaughlin testified that she does not communicate with Mr. McLaughlin, was not searching for an attorney with him, did not participate in drafting the Motion [#41], and did not sign it. *Courtroom Minutes* [#59] at 1.

**C. Conclusion**

Based on the foregoing,

IT IS HEREBY **ORDERED** that **on or before September 15, 2026**, Defendant Dennis McLaughlin shall respond, in writing, showing good cause why his litigation conduct described above has not violated Rule 11(a). **Mr. McLaughlin is warned that his failure to respond may result in the monetary sanctions.**

IT IS FURTHER **ORDERED** that the Motion Hearing set in this matter for **September 16, 2026**, commencing at **9:30 a.m. (MDT)** in Courtroom A 501, Fifth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294 is hereby **CONVERTED** to a combined Motion Hearing and Show Cause Hearing, at which time Defendant Dennis McLaughlin will be afforded an opportunity to be heard on this Order to Show Cause. As previously ordered, the parties should also be prepared to discuss the status of discovery, address the Motion to Compel [#48], and address whether Mr. McLaughlin should be held in contempt. *See Courtroom Mins.* [#50] at 1. All parties must appear in person with exception to Defendant Angela McLaughlin who may appear telephonically. *See Courtroom Mins.* [#50]. Ms. McLaughlin shall call the Court at 571-353-2301, Access Code: 334545142# at the time of the hearing.

IT IS FURTHER **ORDERED** that the parties shall be prepared to discuss their compliance with the deadlines imposed by the undersigned at the September 2, 2026 Status Conference. Those deadlines are as follows:

- Mr. McLaughlin shall issue financial disclosures on or before **September 8, 2026**.
- Defendants represented by Mr. Pipes shall issue initial disclosures and respond to discovery requests on or before **September 15, 2026, at 5:00 p.m. (MDT)**.
- Ms. McLaughlin shall issue initial disclosures and respond to discovery requests on or before **September 18, 2026**.

*Courtroom Minutes* [#59] at 2.

Dated: September 3, 2026

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge